In re Melon Street.   Appeals of Jacob L. Stadelman, sur-
viving executor and trustee, etc., William H. Bower,
Sarah Ann Eleanor, Hannah R. and Camelia Eddowes,
Caroline and Matilda Levering and Harriet Perkins.

*Appeals — Special allowance—Constitutional questions — Practice, Su-
preme Court—Practice, Superior Court.*

An appellant from the Superior Court to the Supreme Court cannot be
permitted to decide for himself whether he is entitled to an appeal with-
out allowance.   Unless it clearly appears from the record that the case
comes within one of the exceptions named in the seventh section of the
act creating the Superior Court, there must be an allowance of the ap-
peal, and the petition therefor should set forth clearly and specifically
what constitutional question is involved, and in what manner it is raised.

Appeals were taken in a road case from judgments of the Superior
Court without special allowance, on the filing of an affidavit that the cases
involved the construction or application of the constitution of the state.   It
did not appear from the record that any constitutional question was raised.
*Held*, that, though irregular, yet, as the question of practice when the
appeals were taken was new, and had not been provided for by rule, and
as the cases were of public importance, and the judgments were rendered
by a divided court, a motion to quash will be overruled and the appeals
considered as if they had been duly allowed.

*Road law—Vacation of street—Damages—Act of April* 21, 1858.

Where part of a street has been vacated under the special Act of April
21, 1858, P. L. 386, relating to the vacation of streets in Philadelphia,
owners of properties which abut upon the street, but not upon the part
vacated, are entitled to recover damages if their properties are depreciated
in value by reason of their being left in a cul de sac, and cut off from direct
access to the system of streets in the direction of the vacated part of the
street upon which their properties abut; and difficulties in defining the
limits where the right to compensation shall end are not a valid objection
to the claims of such property owners.   Their injury is different from the
injury of those who use the street for travel only, not in degree merely,
but in kind.   Their interests must be regarded as property, and will sus-
tain a claim for compensation.

*Road law—Presumption that viewers have done their duty.*

In road cases it will be presumed that the requirements of statutes have
been complied with by the viewers, and therefore it is not necessary to so
state in the report, unless specifically required by the acts regulating the
subject.

Where a street has been vacated for the benefit of a railroad company,

| 182 | 397 |
| 191 | 606 |

| 182 | 397 |
| s192 | 332 |
| ,192 | 336 |
| ·182 | 397 |
| ·f194 | 204 |

| 182 | 397 |
| d195 | 106 |
| 195 | 159 |

| 182 | 397 |
| 19 SC | ³378 |
| 20 SC | ⁸580 |

| 182 | 397 |
| 21 SC | ³ 21 |

| 182 | 397 |
| 23 SC | ³278 |
| 23 SC | ³280 |

| 182 | 397 |
| 22 SC | ³298 |

| 182 | 397 |
| 25 SC | ³193 |
| 25 SC | 356 |
| 25 SC | 361 |
| 26 SC | ⁴ 28 |

| 182 | 397 |
| 27 SC | ³343 |
| 27 SC | ⁴551 |

| 182 | 397 |
| 212 | 352 |
| 212 | 355 |
| 28 SC | 359 |
| 28 SC | 360 |

| 182 | 397 |
| 30 SC | ³478 |

| 182 | 397 |
| 32 SC | 334 |
| f 33 SC | 149 |

| 182 | 397 |
| 225 | 130 |

and this sufficiently appears from the report itself, it is not necessary for the viewers to report specifically that the railroad company was the owner of the land benefited.

Argued Jan. 20, 1897. Appeals, Nos. 228, 229, 230, 234 and 235, by Jacob L. Stadelman et al., from judgment of Superior Court, reversing judgment of Q. S. Philadelphia Co., confirming report of viewers. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Appeal from judgment of Superior Court.

The facts appear by the opinion of the Supreme Court. See 1 Pa. Superior Ct. 63.

*Error assigned* among others was in reversing judgment in the court of quarter sessions.

*M. Hampton Todd*, with him *Frank M. Cody* and *William H. Staake*, for appellant, Jacob L. Stadelman.—The court has jurisdiction to determine the questions raised: Act of June 24, 1895, P. L. 212; Miller v. Nicholls, 4 Wheat. 311; Chicago Life Ins. Co. v. Needles, 113 U. S. 574.

This case is identical with Mellor Ex'r et al. v. The City of Philadelphia, 160 Pa. 614, and is ruled by the principles laid down in that case: Heydon's Case, 3 Coke's Rep. 7; Com. v. Clark, 7 W. & S. 133; Monongahela Nav. Co. v. Coons, 6 W. & S. 114; O'Connor v. Pittsburg, 18 Pa. 189; Pusey v. Allegheny, 98 Pa. 522; Penna. R. R. v. Lippincott, 116 Pa. 472; Marchant v. Penna. R. R., 119 Pa. 541; Miller v. Wilson, 24 Pa. 114; Palmer v. Silverthorn, 32 Pa. 65; Com. v. Passmore, 1 S. & R. 217; Seely v. Alden, 61 Pa. 302; Duffield v. Rosenzweig, 144 Pa. 520; Paul v. Carver, 24 Pa. 207.

For a state to depreciate the value of the property of a citizen by agencies which at common law would have sustained an action between private individuals without making compensation is a deprivation of property inhibited by the constitution of the state and the constitution of the United States: Hare's American Constitutional Law, 357; Pumpell v. Green Bay Company, 13 Wallace, 166; Baltimore & Potomac R. R. v. Fifth Baptist Church, 108 U. S. 317; Columbia Delaware

Bridge Co. v. Geisse, 35 N. J. L. 558 ; West River Bridge Co. v. Dix, 6 Howard, 507.

*William W. Porter*, with him *Frederick J. Geiger, George Q. Horwitz* and *Edward Brooks, Jr.*, for appellant, William H. Bower.—Where access to private property has been interfered with or destroyed, by the vacation of a street in Philadelphia, and there has been a consequent depreciation in the value of the property, the owner is entitled to compensation therefor: Paul v. Carver, 24 Pa. 207 ; McGee's App., 114 Pa. 470 ; Howard Street, 142 Pa. 601 ; Appeal of Phila. & R. Terminal R. R., etc., Co., 1 Pa. Superior Ct. 63 ; Act of April 21,1858, sec. 6, P. L. 386 ; Snyder v. City of Lancaster, 20 W. N. C. 184.

If it appears from the report and the record of the proceedings that the party against whom the damages are assessed is the owner of land benefited by the vacation, every requirement of the act will have been strictly complied with : Centre Street, 115 Pa. 247 ; Mt. Pleasant Boro. v. Balt. & O. R. R., 138 Pa. 365 ; Phila. v. Phila. & Reading R. R., 177 Pa. 292.

*Edward Shippen*, for appellants, Sarah A. Eddowes et al.

*John G. Lamb* and *Thomas Hart, Jr.*, for appellee.—The only two reported cases in Pennsylvania of proceedings to assess damages for the vacation of a street are Centre St., 115 Pa. 247, and Howard St., 142 Pa. 601. Hare v. Rice, 142 Pa. 608, is a part of the same case, and inquiry at the office of the court of quarter sessions reveals the fact that so far as it is within the knowledge of the person in charge of the road dockets there, and from a search made by them, no other proceedings for assessment of damages caused by a vacation of a street had, before the present proceeding, been brought. The cases of Centre Street and Howard Street do not conclude the question.

The fact that the person assessed is the owner of property which is benefited must appear. In this case the Philadelphia and Reading Terminal Railroad Company which is assessed must appear to own land which is benefited: Phila. v. Phila. & Reading R. R., 177 Pa. 292; Allegheny City v. West Pa. R. R., 138 Pa. 375 ; Morewood Avenue, 159 Pa. 20 ; 54th Street, 165 Pa. 8 ; Park Avenue Sewers, 169 Pa. 433 ; Witman v. Reading, 36 W. N. C. 528.

An assessment against property which is not shown to be benefited, and an assessment against property which is said to be benefited, but which is not upon the line of the improvement, are equally bad.

In the petition filed in this case there is not a word about the vacation of Ninth street. The petitioners claim damages wholly upon account of the vacation of the part of Melon street.

Under a petition claiming damages for the vacation of one street, damages for the vacation of some other street, even though it may be connected with the former, cannot be recovered: Elliott on Roads and Streets, 253; Bean's Road, 35 Pa. 280; Road in Lower Merion, 58 Pa. 66; Road in Ross Twp., 36 Pa. 87; Chartiers Twp. Road, 48 Pa. 314; Lawrence v. Phila., 154 Pa. 20; Mellor v. Phila., 160 Pa. 614.

That damage of the kind alleged here is not such special damage, has been decided many times in this state in cases arising from obstruction in streets: Black v. Phila. & Reading R. R., 58 Pa. 249; Cox v. P., W. & B. R. R. Co., 10 W. N. C. 552; Heffner v. Com., 28 Pa. 108; Buck Mountain Coal Co. v. Lehigh C. & Nav. Co., 50 Pa. 91; Sparhawk v. Pass. Ry., 54 Pa. 401; Gold v. City of Phila., 115 Pa. 184; Dooner v. Penna. R. R., 142 Pa. 36; P. R. R. Co. v. Duncan, 111 Pa. 352; Hobson v. City, 155 Pa. 131; Jones v. R. R., 151 Pa. 30; Knowles v. R. R., 175 Pa. 629.; Hughes v. Heiser, 1 Binney, 463; Penna. & Ohio Canal Co. v. Graham, 63 Pa. 290; Pierce v. Dart, 7 Cowen, 609; Higbee v. C. & A. R. R., 19 N. J. Ch. 278; Shaubut v. R. R., 21 Minn. 502.

The very question presented in this case has been decided in a number of other states where claims for damages were made because of the lawful vacation of streets; and where the provisions, as to payment of damages occasioned thereby, were at least as broad as those of the act of 1858, and in which cases, evidence was either given or offered to show that there was an actual depreciation in the value of real property in consequence of the vacation: Coster v. Mayor, &c. of Albany, 43 N. Y. 399; Kimball v. Commissioner, 74 Mich, 699; Gerhard v. Commissioners, 15 R. I. 334; Whitsett v. Union Depot & R. R., 10 Colo. 243; City of East St. Louis v. O'Flynn, 119 Ill. 200; City of Chicago v. Bldg. Assn., 102 Ill. 379; Commr's of Highways v. Quinn, (Ill. Sup. Ct.) 33 Am. & Eng. Corp.

Cases, 463, Bailey v. Culver, 12 Mo. App. 175; Glasgow v. City of St. Louis, 17 S. W. Repr. 143; Smith v. Boston, 7 Cush. 254; Davis v. Comm'rs, 153 Mass. 218; Kean v. Elizabeth, 54 N. J. L. 462; Kings Co. Fire Ins. Co. v. Stevens, 101 N. Y. 411; Lewis on Eminent Domain, sec. 134; Mills on Eminent Domain, sec. 318; 24 Am. & Eng. Ency. of Law, 120.

OPINION BY MR. JUSTICE FELL, October 11, 1897:

These appeals were taken from judgments of the Superior Court without special allowance, on the filing of an affidavit that the cases involved the construction or application of the constitution of this state. It does not appear from the record that any constitutional question is raised, and an appellant cannot be permitted to decide for himself whether he is entitled to an appeal without allowance. Unless it clearly appears from the record that the cases come within one of the exceptions named in the seventh section of the act creating the Superior Court there must be an allowance of the appeal, and the petition therefor should set forth clearly and specifically what constitutional question is involved and in what manner it is raised. As however the question of practice is new and has not been provided for by rule, and as the cases are of public importance and the judgments were rendered by a divided court, we overrule the motion to quash, and will consider the appeals as if before us by allowance of this court.

The proceedings in the quarter sessions were under the sixth section of the Act of April 21, 1858, P. L. 386, which places the owner of land in Philadelphia which has been injured by the vacation of a street upon the same footing to claim damages as the owner of land which has been injured by the opening or widening of a street: Hare v. Rice, 142 Pa. 608. This act was said by MITCHELL, J., in the opinion In re Vacation of Howard Street, 142 Pa. 601, to extend the system long established in Philadelphia for the assessment of benefits for local improvements and the application of the money so raised to compensate others whose property has been taken, to consequential injuries caused by the vacation of streets, and to anticipate the provision of the new constitution which secures compensation for consequential damages where property has been injured. Before the adoption of the new constitution the commonwealth was

under no obligation to make compensation for damages caused by the vacation of streets: Paul v. Carver, 24 Pa. 207. And for the purpose of this argument it may be conceded that since its adoption no such duty is imposed by the provision that compensation shall be made for property taken, injured or destroyed, and that the right to recover damages for injury so resulting exists only by virtue of special legislative provision: McGee's Appeal, 114 Pa. 470. But the right to recover damages caused by the vacation of streets in Philadelphia has been conferred by the legislature, and the real question raised by these appeals is whether the claimants are within the right conferred. They are not owners of properties which abut on the part of Melon Street which has been vacated, but by the vacation of a part of the street their properties are shut off from direct access to the system of streets to the east. The properties are left in a cul-de-sac, and their market value is lessened thereby. The plaintiffs have sustained a loss for which they are entitled to recover, unless the right to recover for injuries caused to private property by the vacation of a street is limited to those whose properties abut on the part of the street vacated. The question raised is an important one as affecting not only proceedings under the special act of 1858 but also those instituted under the general Act of May 16, 1891, P. L. 75.

For the loss or inconvenience caused by the vacation of a street, which those who own properties abutting thereon share in common with the community at large there can be no recovery. Where their loss does not differ in kind from that sustained by all others who have occasion to use the street for the purpose of travel, it is damnum absque injuria. But the owners of properties which have depreciated in value by reason of the closing of the street have sustained an injury in their property rights which is peculiar to themselves and which is different in kind from the injury sustained by those who use the street for travel only. The injury is not of the same kind, differing in degree only; it is an additional injury, caused by the impairment of an entirely distinct right, the special right of ingress and egress. The interest of the public in a highway consists wholly in the right of passage with the incidental right to do all acts necessary to keep it in repair; the owner of land fronting on a highway has an additional interest which must be regarded as property and

which, when the right to recover has been given by the state, will sustain a claim for compensation. Such an owner, where the street has been laid out or established by his grantor, is a purchaser by implied covenant of the right that the street shall remain open, and the vacation of the street by the municipal authorities will not divest his right to have the space left open as a street. This private right of way as appurtenant to the land is wholly distinct from the public right of passage : Notes to Dovaston v. Payne, 2 Sm. L. C. 167. Where the street has been established by the municipality and a part of the land of the adjoining owner has been taken without compensation, except the consequential benefit to the remainder, and he has made expenditures in the faith that the street will remain open, he has a right or privilege which partakes of the nature of property. In Hare's American Constitutional Law, pp. 376 and 377, it is said by the learned author : " The whole argument may be summed up in the general proposition, that the opening or mapping out by the state or by an individual of land as a street, is a pledge that it shall not be closed or appropriated to a different and less beneficial purpose, which cannot be violated without a breach of faith to subsequent purchasers and builders. We may therefore believe that the right of the owner of a shop or dwelling to the use of the adjacent streets, or at all events of that on which the building is situated, is, if not an easement or incorporeal hereditament, an incident or appurtenance without which the building would be valueless, and of which he cannot justly be deprived without compensation, or, as the principle was accurately stated in another case, besides the public right of way or passage there is a private right in the owners of the land on either side, resulting from an implied agreement that the street shall be kept open as a means of transit and for the unobstructed access of light."

Where the part of a street in front of a property is vacated the owner's right to compensation is conceded, but the right is denied unless there is an actual vacation and closing of the part of the street on which the property abuts. It is evident, however, that without the impairment of the owner's outlet in one direction his property may be rendered comparatively worthless by a change in the physical condition of a street. To draw the line between owners who may and owners who may not recover, at

the point where the deprivation of access is total, is to draw it arbitrarily. The abutting owner's special right in a street as a means of access to his property is not limited to the part of the street on which his property abuts. Such a limitation of the right would deny him compensation if all of the street except the part immediately in front of his property were vacated. His right is the right of access in any direction which the street permits. As affecting this right no distinction can be drawn between a partial and a total deprivation of access; the impairment of the right is a legal injury differing in degree only from its total destruction. If the street is vacated on both sides of his property so as to cut him off from other streets, his means of access is as effectually destroyed as if the entire street were vacated. If the street is vacated on one side only and his property is left at the end of a cul-de-sac; if the street is decreased in width so as to be impassable to vehicles; or if one means of access is taken away by the closing of a back street or alley, his injury may be less, but the difference is one of degree only. In either case he has sustained a loss by the destruction of an important element in the market value of his property, and he has been injured in a legal sense.

There seems to be but one answer to the questions propounded by the learned president judge of the Superior Court in his dissenting opinion: " Are we prepared to declare in this case that access to the claimant's properties has not been impaired? Can the court say to these claimants ' one opening to your properties is sufficient for your purposes, therefore no legal injury has been done to you by closing the other?' Could we say that, if their properties fronted on two parallel streets, or were on the corner of two streets, one of which was vacated? Is it not more in accord with sound principles to say that their right of access was not limited by the frontage of their properties, but extended to the two intersecting streets, and that it is for the jury to say whether, under all the circumstances, the claimants have suffered substantial damages in consequence of the closing of one mode of access? " We have the distinct finding by the jury, approved by the court of quarter sessions, that the appellants' special right of access to their properties, has been impaired by the vacation of a part of Melon street, and that they have sustained a property loss thereby. The act of

1858 provides a remedy for loss occasioned the owner of land in Philadelphia, by the opening, widening or vacation of streets. We do not see how the court could say as matter of law that the claimants' means of access to their properties were not seriously impaired, or how it could on principle deny them the right to recover for the loss they sustain because their properties did not front on the part of the street which was vacated.

All that can be said for or against the right claimed has been so well said in the opinions filed by the learned judges of the Superior Court, that further discussion of the subject is unnecessary. The precise question raised has not been decided in any of our cases, and because of the difference in legislative and constitutional provisions but little aid can be had in its consideration from the decisions in other states ; but we believe that the conclusion which we have reached is in harmony with the trend of our decisions and with the weight of authority elsewhere. On principle the cases under consideration are almost parallel with Mellor v. Phila., 160 Pa. 614, which has been so fully discussed in the opinions filed. Indeed, it is difficult to see how that case can stand as an authority unless these appeals are sustained. In R. R. Co. v. Walsh, 124 Pa. 544, the property was at the corner of two streets, one of which was obstructed. In R. R. Co. v. Ziemer, 124 Pa. 560, damages were awarded for injuries to a property fronting on a cross street, and in Snyder v. Lancaster, 20 W. N. C. 184, damages were awarded to the owner of a property not fronting on the street opened.

The difficulty in defining the limits where the right to compensation shall end cannot be urged as a valid objection to the claims of the appellants. To entitle the owner of land to recover the loss must be one which he as owner has suffered by reason of the depreciation in value of his land. The basis of his claim for compensation is that his land has been lessened in value, not that he has suffered in common with others or to a greater extent than others because of something peculiar to himself. The difficulty in assessing damages is no greater than that which a jury meets in all such cases in ascertaining the extent to which properties in the vicinity have been benefited and in making assessments therefor. To sustain the right of a claimant to compensation because of the vacation of a street it must appear that the loss results from the depreciation in value

of his land because of the change in the street, and his loss
must be direct and proximate, and so obvious and substantial as
to admit of calculation.

As to the failure of the viewers to report specifically that the
Philadelphia and Reading Terminal Company was the owner
of the land benefited, it is sufficient to say that the report as a
whole contains enough to supply the want of that formal aver-
ment.    Reference is made in the report to the general scheme
or plan of revision to enable that company to construct its ele-
vated road; the ordinances providing for the same are recited,
and it is further stated that "in the construction of the Phila-
delphia and Reading Terminal Railroad and its necessary works,
that company has entered upon and occupied a portion of Ninth
street so stricken from the city plan and also that portion of
Melon street which has been stricken from the city plan as
aforesaid."    In South Abington Road, 109 Pa. 123, it is said:
"The presumption is that the requirements of the statutes have
been complied with by the viewers, and therefore it is not neces-
sary specifically so to state in the report unless specifically re-
quired by the acts regulating the subject."    In that case it was
held that it was not necessary for the report to show that notice
had been given to the land owners, or that the viewers had
endeavored to obtain releases, or that they had taken into con-
sideration the advantages accruing to the land owners from the
opening of the street.    It was also presumed that the route of
the road was within the jurisdiction.

For these reasons, in connection with those stated in the dis-
senting opinion of the learned President Judge of the Superior
Court, we think that the judgments of the court of quarter ses-
sions should have been affirmed.

It was error on the part of the jury to include in their awards
damages caused by the vacation of a part of Ninth street.    As
suggested in the opinion of the Superior Court, this error may
now be corrected by the filing of releases.    The judgments are
reversed and the records are remitted to the court of quarter
sessions of Philadelphia with direction to enter judgments for
the appellants upon the filing of proper releases.