# Haggerty *v.* City of Scranton, Appellant.

*Road law—Special injury—Deprivation of access—Damages.* .

The owner of property which has been depreciated in value by reason of the destruction of the means of access thereto in the making of a public improvement, sustains an injury in his property rights, which is peculiar to himself, and which is different in kind from the injury sustained by those who use the street for travel only; for the impairment of the special right of ingress and egress he is entitled to compensation.

Argued Jan. 20, 1903.   Appeal, No. 57, Jan. T., 1903, by defendant, from judgment of C. P. Lackawanna Co., March T., 1897, No. 948, on verdict for plaintiff in case of Mary Haggerty, Administratrix of Patrick Haggerty, Deceased, v. City of Scranton.   Before BEAVER, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Appeal from award of jury of view.

The facts are similar to those in the case of Walsh v. Scranton, supra.

Defendant presented amongst others the following point:

6.   The plaintiff cannot recover unless she can show a damage which is peculiar to herself, and different in kind and degree from and beyond that which is sustained by the general public.   *Answer:* I do not see how that applies here.   That would be true in an action for the tortious act of the defendant; for the wrongful act, as I understand the case, the point is not applicable, and is declined. [3]

The court refused binding instructions for defendant. [9]

Verdict and judgment for plaintiff for $500.   Plaintiff appealed.

*Errors assigned* were (3, 9) above instructions, quoting them.

*David J. Davis*, assistant city solicitor, with him *G. M. Watson*, city solicitor, for appellant.

*Edward W. Thayer*, for appellee.

OPINION BY W. D. PORTER, J., October 5, 1903:

The questions presented by this record have been considered

in the opinion in the case of Walsh et al. v. City of Scranton, ante, p. 276, and determined adversely to the contentions of the appellant. The refusal to charge, as requested in the sixth point, presented by the defendant, which is the subject of the third specification of error, was a technical error, but it worked no injury to the cause of the defendant. The jury were, in the general charge, instructed in substance that the plaintiff could not recover unless the property was by the construction of the wall across the street cut off from access to the system of streets to the northward, and, as a result of such deprivation of access, depreciated in market value. The jury could not, under the charge, have considered any other element of injury in estimating the damages; the plaintiff was not seeking to recover on any other grounds. The injury for which the plaintiff was permitted to recover was one peculiar to a property right, and different in kind from that sustained by those who merely used the street for travel: In re Melon Street, 182 Pa. 397.

The judgment is affirmed.