## Bethlehem Municipal Water Authority Case.

58

Argued December 12, 1940.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*D. L. McCarthy,* with him *J. C. Loose* and *A. S. Loose,* for appellant.

*Ben Branch,* for appellees.

OPINION BY RHODES, J., February 28, 1941:

The supervisors of Towamensing Township, Carbon County, and Bethlehem Municipal Water Authority, a corporation, whose purpose is the supplying of water to the people of the city of Bethlehem, filed a petition in the court below praying the court to make an order approving the new, and vacating the old, location of a portion of township road No. 482 in Towamensing Township, Carbon County. Objections were filed by Allen A. Costenbader and Paury Green, whereupon the matter proceeded to hearing, and thereafter the court below filed an opinion and order dismissing the petition. Bethlehem Municipal Water Authority has appealed.

The petition was based on section 1115 of art. 11 of the Act of May 1, 1933, P. L. 103, 53 PS §19093—1115.[1]

---

[1] "Whenever the supervisors of any township deem it advisable to construct, change, or alter any part of any public road under their supervision, within this Commonwealth, or to vacate any abandoned portion of a State highway not vacated by the Department of Highways, and can agree with the property owners affected by such change, alteration or vacation, they may change, alter or vacate such part of such public road, as contemplated in such agreement, without the formality of a view.

"No such change or alteration of any part of any public road shall be made, the costs and expenses of which, including damages to such township, shall exceed five hundred dollars. A petition setting forth the facts regarding such change, alteration or

It is not disputed that 1,917 feet, more or less, of township road No. 482, as now located, extends through the proposed reservoir of appellant, and eventually will be covered with water. This portion of the road is entirely upon lands of appellant. The estimated cost of constructing the new dirt road, according to the petition, is $13,000, but one of appellant's witnesses stated that the last estimate was $17,000. However, appellant is to bear all the cost, and the relocation is to cost the township nothing, either for construction or land taken, since the new road will be entirely upon lands now owned by appellant.

Costenbader and Green, the appellees, do not live in Towamensing Township, but own land therein, none of which, however, abuts on the township road. Their land is located on a private road leading into the township road, and the latter connects with a state highway which has a macadam surface.

The situation may be visualized best by considering the area of the reservoir as a triangle whose base runs east and west with the apex at the north. This base is formed by the portion of the township road which it is now proposed to vacate. The easterly side of the triangle is the state highway, and the westerly side the new dirt road which appellant has undertaken to construct. At present, Costenbader, in order to reach his land, turns west off the state highway, and travels west along the base of the triangle past the intersection of the westerly side of the triangle with the base until he arrives at the private road leading to his property. If the portion of the township road in question is vacated, he will be unable to travel across the base of

vacation, accompanied by a map or draft of the same, shall be presented to the court of quarter sessions for approval before such actual change, alteration or vacation is made; whereupon the new location, approved by the court, shall be taken to be the public road and the old location shall be vacated, or the abandoned State highway shall be vacated, as the case may be."

the triangle, but will have to continue northwestwardly along the state highway forming the easterly side of the triangle a distance of 2,600 feet to the apex where he will turn southwestwardly and travel over the proposed dirt road forming the westerly side of the triangle 3,892 feet to reach its intersection with the base of the triangle. Briefly, he will traverse two sides of the triangle instead of one, resulting in an additional journey of 4,792 feet to reach his property.

The other appellee, Green, now travels southeastwardly on the state highway forming the easterly side of the triangle to the point where it intersects the base, and then turns west along the portion of the township road forming the base of the triangle, just as Costenbader does in order to arrive at the same private road leading to his property. Under the proposed vacation and relocation, when Green arrives at the apex of the triangle he will leave the state highway and travel southwestwardly along the proposed dirt road forming the westerly side of the triangle, past the intersection of this side with the base, in order to reach the private road above mentioned. The distance which he will travel will not be increased appreciably, but he will have to traverse 3,892 feet of dirt road instead of approximately 1,700 feet as at present. These are the facts upon which appellees claim to be "property owners affected by such change, alteration or vacation."

Appellees point out that section 1115 of the Act of May 1, 1933, P. L. 103, 53 PS §19093—1115, reads: "Whenever the supervisors of any township *deem* it advisable to construct, etc." (Italics supplied.) They contend that therefore the supervisors are the only ones who are to do the "deeming"; and that they not having appealed no one else may do so. Appellees did not question the propriety of appellant's joinder in the petition which originated the proceedings in the court below, by whose order appellant is prevented from filling its reservoir, and will be hampered in carrying out its

purpose of delivering water to the people of the city of Bethlehem. Consequently, it is a *party* aggrieved, within the meaning of section 9 of the Act of May 22, 1722, 1 Sm. L. 131, 12 PS §1091.[2] Cf. *Alloy Metal Wire Co., Inc., Appeal*, 329 Pa. 429, 198 A. 448.

The contention of appellant that the court below erred in holding that appellees were "property owners affected" whose consent to such vacation and relocation is necessary must be sustained. It is difficult to conceive of any vacation or relocation of a road that would not in some degree, at least, affect those who were accustomed to using it. Appellees' argument that they are "property owners affected" overlooks the distinction expressed by the Supreme Court in In re *Melon Street*, 182 Pa. 397, at page 402, 38 A. 482, at page 488, as follows: "The interest of the public in a highway consists wholly in the right of passage with the incidental right to do all acts necessary to keep it in repair; the owner of land fronting on a highway has an additional interest which must be regarded as property and which, when the right to recover has been given by the state, will sustain a claim for compensation. Such an owner, where the street has been laid out or established by his grantor, is a purchaser by implied covenant of the right that the street shall remain open, and the vacation of the street by the municipal authorities will not divest his right to have the space left open as a street. This private right of way as appurtenant to the land is wholly distinct from the public right of passage: Notes to *Dovaston v. Payne*,

---

[2] "If any person or persons shall find him or themselves aggrieved with the judgment of any of the said courts of general quarter sessions of the peace and jail delivery, or any other courts of record within this province, it shall and may be lawful to and for the party or parties so aggrieved, to have his or their writ or writs of error; which shall be granted to them, of course, in such manner as other writs of error are to be granted, and made returnable to the said supreme court of this province."

2 Sm. L.. C. 167." The properties of appellees do not abut on the portion of the highway to be vacated, nor do they adjoin it. They are located on a private road which connects with the township road beyond the point of vacation.[3] They, like the public generally, may be inconvenienced by the proposed change, but that is not to say that they are "affected" in the legal sense. Appellee Costenbader's argument in this connection rests mainly upon the fact that he will have to travel 4,792 feet farther than at present, but this is only because he approaches the area from a certain direction. He lives in Palmerton, Carbon County. If he should at some future time change his residence so that he would approach from the same direction as appellee Green, who lives in Penn Forest Township, Carbon County, even that basis would disappear. All that would then remain would be the fact, as is now true of Green, that Costenbader would have to travel over more dirt surface road than at present. These circumstances are too trifling and ephemeral to entitle them to the status of "property owners affected."

Appellees in their brief state that what is wanted by appellant can be obtained only by private bargaining, unless viewers be appointed and a view held. Their theory would require, in such proceedings as taken in the present case, negotiations and settlement with every objecting property owner in the township who had occasion to use any road to be changed or altered, regardless of the location of his property in relation to the proposed change, and regardless of the fact that his property might be on an entirely different and remote highway. The slightest inconvenience would make him a "property owner affected," and require his consent before the supervisors of a township could act. The result of such a construction of section 1115 of the Act

---

[3] The private road is about 3,000 feet west of the point of vacation (Petitioners' Exhibit No. 5).

of 1933, 53 PS §19093—1115, would be too obvious to require comment.

In our opinion appellees had no standing to file exceptions to the supervisors' petition, and there are no other objectors. Therefore, it becomes unnecessary to consider the other questions raised by appellees, and we might well conclude our opinion at this point. We shall, however, briefly consider another ground upon which appellees contend that the order of the court below should be affirmed. It is that the cost of the proposed relocation will exceed $500, and is therefore beyond the scope of that portion of section 1115 of the Act of 1933, 53 PS §19093—1115, which provides that "no such change or alteration of any part of any public road shall be made, the costs and expenses of which, including damages to such township, shall exceed five hundred dollars." The court below was of the opinion that this provision of the act had no application in the instant case, as the cost of the relocation of the road, including expenses and damages, to the township was less than $500, in fact, being nothing at all. Appellees now argue that the phrase "to such township" modifies only the word "damages," and not "cost and expenses." The fallacy of this argument is that the word "including" is conveniently ignored and no meaning given to it. Furthermore, the punctuation of the sentence is not controlling, and does not require this court to ignore the obvious legislative intent and reach an absurd result. *Commonwealth v. Bienkowski,* 137 Pa. Superior Ct. 474, 9 A. 2d 169. The language in question is free from ambiguity, and it is clear that only when the township will have to pay a sum in excess of $500 for costs, expenses, and damages, is the statute inapplicable. In the case at bar no damages are involved, and the entire cost of the proposed change will be borne by appellant. The township will pay nothing. That portion of the

road to be vacated and the road as relocated are both entirely upon the property of appellant. Accordingly, the procedure here was within the scope of the legislation, and authorized thereby.

The order of the court below is reversed, and the record is remitted with direction that the petition be approved and the appropriate order made.