Commonwealth of Pennsylvania, Department of Transportation, Appellant, *v.* Edward Gayeski and Alba Gayeski, his wife, t/a Rex Craft Realty and Development Company, Appellees.

Argued September 11, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Edward D. Werblun,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Frank G. Harrison,* with him *Rosenn, Jenkins & Greenwald,* for appellees.

OPINION BY JUDGE ROGERS, September 26, 1975:

This is an appeal by the Pennsylvania Department of Transportation (PennDOT) from the judgment entered in the Court of Common Pleas of Luzerne County on a jury verdict in favor of condemnees Edward and Alba Gayeski, trading as Rex Craft Realty & Development Company (Gayeski).

On August 11, 1953, then Governor John S. Fine approved a plan establishing a limited access highway through Avoca Borough, Luzerne County, designated as Route 780, Section 1. The plan was duly recorded in the office of the Recorder of Deeds.

The highway was thereupon constructed in the vicinity of property which the Gayeskis acquired sometime in or after 1959 and which is the subject of this suit. The Gayeski property abutted on Route 780 and also on a road known locally as Vine Street. When the Gayeskis acquired their property there was no obstruction at the intersection of Vine Street with Route 780.

On June 16, 1965, pursuant to the original plan filed in 1953 and a subsequent plan filed on January 9, 1963, PennDOT erected a fence at the intersection of Vine Street with Route 780, permanently interfering with access of the Gayeski property to Route 780 by that means.

The Gayeskis petitioned for a Board of View, claiming consequential damages for the permanent interference with their property's access to the highway as authorized by the Eminent Domain Code, Act of June 22, 1964, Special Session, P.L. 84, 26 P.S. §1-612.

The Board of View awarded the Gayeskis damages of $48,000. The Gayeskis appealed and a traverse jury rendered a verdict for the Gayeskis in the amount of $20,000.

PennDOT states two grounds for reversing the judgment below: (1) that predecessors in ownership of the Gayeski property were paid compensation for a taking of a portion of the property when the plan was filed in 1953; and (2) that any taking which may have occurred took place when the plan was filed in 1953, at which time the law of Pennsylvania did not allow consequential damages for interference with access.

As to PennDOT's first contention, there is simply nothing in the record below supporting the Department's assertion in its brief that "the then [1953] property owner was contacted and paid in full. . . ." The appellant's counsel referred at the trial to deeds or releases received from prior owners but in the end abandoned this line of proof and failed to establish either a taking or the payment of damages in 1953.

PennDOT's second position is equally untenable since the case on the trial record falls squarely within *Pane v. Department of Highways*, 422 Pa. 489, 222 A.2d 913 (1966). In *Pane*, the Commonwealth filed a plan in 1963 authorizing a change in the grade of a highway at a point where the highway abutted the property in question. No portion of the property was taken and construction was not undertaken until 1965, after the effective date of the Eminent Domain Code of 1964.

The Supreme Court in an opinion by Justice, now Chief Justice JONES, framed the issue as:

"The real crux of this controversy is whether, under §302 of the Code, a *condemnation* had been *effected* prior to the effective date of this Code insofar as (condemnees') property is concerned. Stated otherwise, was (condemnees') property 'condemned' when the Commonwealth filed its plan . . . or when the physical work began on the highway . . .? (Emphasis in original.) 422 Pa. at 495, 496, 222 A.2d at 916.

"The common sense of holding that the cause of action of an abutting owner seeking consequential

damages for damages arising from an 'injury' to property under §1-612 arises not from the filed plan with its 'paper grade' but from actual work undertaken under the plan is evident. . . . It is not the projected plan which causes the damages, it is the work pursuant to the plan which causes the 'damage' and, until such work has been begun, the nature and extent of the damage cannot be evaluated." 422 Pa. at 498, 499, 222 A.2d at 917.

The only difference between the *Pane* case and the instant case is that in *Pane* the court was dealing with a change in the grade of a highway, whereas we here are concerned with interference of access. Since Section 612 authorizes damages for both kinds of consequential injuries, the holding in *Pane* obviously controls.

If PennDOT had proved that a portion of the Gayeski property had been taken when the plan was filed in 1953, a different result would follow. As was stated in *Pane*:

"[W]here the Commonwealth of Pennsylvania . . . has filed its plan which involves the 'taking' of property, then the date upon which the plan was filed is the date upon which the condemnation is effected. When the Commonwealth under the plan does not 'take' property but the work contemplated under the plan will involve an 'injury' to an abutting property owner, then, . . ., the date upon which a condemnation shall be deemed effected shall be the date when the work shall have been begun, i.e., when the 'injury' shall have actually occurred." 422 Pa. at 500, 222 A.2d at 918.

We recognize that the access claimed to have been interfered with is that to Route 780 by way of an existing street. Neither in the court below, nor here, has PennDOT contended for the applicability to the facts of this case of the holding of *Hession Condemnation Case,* 430 Pa. 273, 242 A.2d 432 (1968) and *Department of Transportation v. Kastner,* 13 Pa. Commonwealth Ct.

525, 320 A.2d 146 (1974), that where the result of the condemnation is merely to compel the property owner to travel a farther distance to reach the system of streets going in a specific direction, this inconvenience is not compensable as interference with access. For this reason, and because it is unclear on this record whether or how either by use of Vine Street or an alley adjacent to their property the Gayeskis might get to an open intersection of Route 780, we have concluded that we may not give effect to the ruling of those cases here.

Judgment affirmed.