Borough of Latrobe, Appellant *v.* Latrobe Veterans Home Association, Appellee.

Submitted on briefs, to Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Gene E. McDonald,* with him *Charles C. Mason, Jr., Lightcap, McDonald and Moore,* for appellant.

*Thomas J. Godlewski,* with him *Michael J. Stewart, Godlewski & Stewart,* for appellee.

OPINION BY JUDGE ROGERS, June 12, 1980:

The Borough of Latrobe has appealed from an order of the Court of Common Pleas of Westmoreland County overruling its preliminary objections to the petition for the appointment of a board of view of the Latrobe Veterans Home Association.

The Home Association owns a building, apparently used as a club, on a 50 foot wide lot on the west side of Spring Street in Latrobe Borough. The lot extends 100 feet to the rear or west to a 20 feet wide public alley which prior to the events of this suit extended on a line parallel to Spring Street to Ligonier Street to the north and Jefferson Street to the south. In June 1974, the Borough enacted an ordinance vacating the alley from Ligonier Street south to the north boundary (extended) of the Home Association's lot. The alley presently extends only from Jefferson Street north to, and along, the Home Association's rear line, terminat-

ing at a parking garage since erected just north of the north line (extended) of the Home Association's lot. The northwest corner of the Home Association's lot is also the southeast corner of the vacated portion of the alley so that to this extent the Home Association abuts the area of the vacation.

The Home Association alleges in its petition for the appointment of viewers that it is entitled to just compensation either because the vacation and closing of the alley effected a *de facto* taking of its property, or because two statutes (one repealed, the other not dealing with compensation) or Section 613 of the Eminent Domain Code, Act of June 22, 1964, Special Sess. P.L. 84, *as amended,* 26 P.S. §1-613, so provide. The Borough's preliminary objections complain that the Home Association has not alleged circumstances which would entitle it to compensation at the hands of viewers. Based on the pleadings and a stipulation of facts, the court below concluded that the Home Association's petition sufficiently alleged a taking and overruled the preliminary objections.

The Borough's principal argument is that the Home Association is complaining of injuries which are not compensable, that is, that travel in one direction is made slightly longer or that traffic has been diverted from its doors. It cites the familiar cases of *Wolfe v. Department of Highways,* 422 Pa. 34, 220 A.2d 868 (1966); *Hession Condemnation Case,* 430 Pa. 273, 242 A.2d 432 (1968), and *Department of Transportation v. Kastner,* 13 Pa. Commonwealth Ct. 525, 320 A.2d 146 (1974).

The Home Association says, on the other hand, that it is not complaining of having to travel circuitously to go in one direction or of the diversion of traffic along the alley at the rear of its property but of interference with access to its property by reason of the vacation of the alley north of its property line and the construc-

tion of the parking garage across the former path of the alley. The Home Association says its claim is supported by Sections 612 and 613 of the Eminent Domain Code, 26 P.S. §§1-612, 1-613, which read as follows:

§612

All condemnors, including the Commonwealth of Pennsylvania, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken.

§613

Whenever a public road, street, or highway is vacated, the affected owners may recover damages for any injuries sustained thereby, even though no land is actually taken.

In *Hession Condemnation Case, supra,* the owners of a building used partially for commercial purposes sought damages on account of the vacation of a portion of a street on which the building abutted at a location some distance from the claimant's lot, the effect of which vacation was to divert traffic from the building. The landowners based their claim on Section 612 and 613. Justice ROBERTS wrote that whatever damages might be permissible under 612 were subsumed under the more general language of 613; that 613 was intended only to place the Commonwealth on a parity with all other condemnors with respect to liability for the vacation of streets; that the liability of such other condemnors under the cases was only for the impairment of access, meaning the right of ingress and egress; and that since the landowners here were complaining not of impairment of access, in the sense of ingress and egress, to their property but of the diversion of traffic from their commercial property, no compensation should have been allowed.

The question here therefore is whether the Home Association is complaining only of the inconvenience of travelling farther to go north from the rear of their property or of the diversion of traffic passing their property on the alley, neither of which is compensable, or whether it is complaining of the impairment of access, that is ingress and egress, to the rear of its building and lot. No evidentiary hearing was conducted below. The petition for viewers complains, however, of the "stopping of access". The circumstances are such, moreover, that it seems unlikely that the Home Association seeks damages because persons exiting its property from the rear and desiring to go north to Ligonier Street will be required first to travel south for a short distance, and even more unlikely that the Home Association complains of the diversion of traffic up and down its rear alley. In its brief, the Home Association says that "ingress and egress to delivery facilities in the rear of [the] building . . . have been greatly reduced due to the vacation of the alley." We agree with the court below that the petition for viewers is proof against a dismissal on preliminary objections; we do not agree however that the record now supports a taking as a matter of law as the court concluded in the amended order dismissing preliminary objections. We observe in this connection that Subsection (4) of Section 516(a) of the Eminent Domain Code, 26 P.S. §1-516(a)(4) governing appeals from reports of viewers allows "objections, if any, to the viewers report, other than to the amount of the award." In *Hession Condemnation Case, supra,* just such an objection was used by the Commonwealth as the vehicle for review of a Board of View's award by the Court of Common Pleas and the Supreme Court and it is available to Latrobe Borough if, after the viewers have heard, and made their report, in this case, it wishes to pursue the matter further.

The amended order below is modified by vacating the conclusion that there was a taking as a matter of law; as so modified it is affirmed.

### ORDER

AND Now, this 12th day of June, 1980, the amended order below dated July 3, 1979 is modified by vacating the conclusion that there was a taking as a matter of law; as so modified it is affirmed.