In Re: Vacation of Hain Avenue, Swatara Township, Lebanon County, Pennsylvania.

Swatara Township, Appellant.

Argued June 5, 1980, before Judges Mencer, Craig and MacPhail, sitting as a panel of three.

*Patrick M. Reb, Reb & Buchanio,* for appellant.

*David J. Brightbill, Siegrist, Koller & Brightbill,* for appellee.

OPINION BY JUDGE CRAIG, September 29, 1980:

The Board of Supervisors of Swatara Township in Lebanon County adopted an ordinance vacating a portion of Hain Avenue, a public road in the township. James Morrissey, Sr., as an owner of property abutting on a non-vacated portion of Hain Avenue, filed exceptions to the ordinance in the Court of Common Pleas of Lebanon County, alleging, inter alia, that the supervisors failed to comply with the notice requirement of Section 1102(a) of the Second Class Township Code, Act of May 1, 1933, P.L. 103, added by the Act of July 10, 1947, P.L. 1481, *as amended,* 53 P.S. §66102 (a), which provides:

> (a) Prior to the passage of any ordinance for the laying out, opening, changing or vacating of any road or highway or section thereof, the supervisors shall give ten days' written notice to the property owners affected thereby of the time and place when and where all parties interested may meet and be heard. Witnesses may be summoned and examined by the supervisors and by the parties interested at such meeting or any adjournment thereof.

Morrissey was not so notified, nor did he attend the meeting held by the supervisors before they adopted the ordinance.

After the appointment of viewers, Morrissey petitioned the court below to determine whether he was a property owner affected within the meaning of Section 1102(a). The lower court, after a hearing, concluded that Morrissey was so affected; accordingly, the court decreed the street vacation ordinance to be void and of no effect. This appeal by the township followed.

The following sketch illustrates the relative locations of the Morrissey property, the vacated portion of Hain Avenue, and the street system in the vicinity.

The vacated portion of Hain Avenue extends from the township boundary north to a point about 500 feet south of Morrissey's property. Thus, the vacation leaves Morrissey with access to his property only from the north on Hain Avenue; before the vacation, access to his property was available from the north and south, the latter being the direction in which the county seat lies.

To answer the fundamental question of this case, whether Morrissey is a property owner entitled to "written" notice of the vacation, the threshold inquiry must be to determine what class of owners is intended, by Second Class Township Code Section 1102(a), as

"property owners affected" by the vacation. Because the required written notice obviously must be individualized, as distinguished from a general public advertisement, we must identify a class of owners who are affected by the vacation in a way distinct from all other property owners and from the public in general.

We find that the contemplation, by Second Class Township Code subsections 1102(c) and 1102(d), of proceedings under the General Road Law and its amendments and supplements,[1] regarding exceptions, reviews, and assessment of damages and benefits, is significant.

The Second Class Township Code in 1933 provided that road matters were to be conducted according to the General Road Law. The amendatory act of July 10, 1947, P.L. 1481, supplanted the original jurisdiction of the quarter sessions courts by placing determinations formerly made by a board of view within the discretion of the township supervisors. The vacating ordinance, when filed by the supervisors with the court of quarter sessions, is in essence the same as the report of viewers under earlier law, and proceedings after that filing continue to be in accordance with the General Road Law. *See In Re: Vacation of Road in Upper Southampton Township,* 3 Bucks 217, (1956); *In Re: Vacation of Portion of Morrison or Mill Street in Fell Township,* 53 Lack. Jur. 17 (1952).

A similar approach is revealed in Section 1115 of the Second Class Township Code, 53 P.S. §66115, providing for relocation or vacation of roads by agreement between the supervisors and the "property owners affected", presumably the same class as we must delineate. Because that section, like its predecessor statute, encompasses agreement as to damages occa-

---

[1] Act of June 13, 1836, P.L. 551, and its supplemental acts, *as amended,* 36 P.S. §1761 et seq.

sioned by the proposed action, we see again the prospect of damages as being significant in relation to the class of "property owners affected." [*See Highland Township Petition*, 9 Pa. D. & C. 2d 339 (1965)].

We therefore are led to conclude that the class of "property owners affected" within Section 1102(a) includes those owners on whose property the impact of the proposed action will be within the ambit of injury legally cognizable or compensable by damages.

Such an interpretation of the language of Section 1102(a) would tend to foster the efficient administration of township road matters, and thus further the legislative purpose, in several ways. Initially, those affected owners would be given particular opportunity to be heard preliminarily as to the necessity or advisability of the proposed action. Further, the pre-determination required of the supervisors by this interpretation will result in them being better apprised of the propriety and consequences of their proposed action before it is undertaken.

Accordingly we come to the final question, whether the impact of this vacation on Morrissey's property brings it within the class described. Applying the present facts, the question more specifically is whether the vacation of a street segment located between the owner's property and one of the two existing proximate intersections, thus placing the property on a cul-de-sac, involves entitlement to a claim for damages.

Under an unshaken line of cases interpreting the provisions which the legislature has made in the General Road Law and its predecessor statutes for damages due to the vacation of streets, where a vacation leaves property upon a cul-de-sac, the owner is entitled to recover such damages as he may prove to be direct, proximate and so obvious and substantial as to admit of calculation. *In re: Melon Street*, 182 Pa. 397, 38 A. 482 (1897). *Melon Street* expressly rejected the

proposition, urged upon us by the township, that only those owners whose property abuts or fronts on the portion to be vacated are " affected." The court in *Melon Street* stated that

[t]he abutting owner's special right in a street as a means of access to his property is not limited to the part of the street on which his property abuts. Such a limitation of the right would deny him compensation if all of the street except the part immediately in front of his property were vacated. His right is the right of access in any direction which the street permits. As affecting this right no distinction can be drawn between a partial and a total deprivation of access; the impairment of the right is a legal injury differing in degree only from its total destruction.

182 Pa. at 404, 38 A. at 488.

Also, *Hedrick v. Harrisburg,* 278 Pa. 274, 122 A. 281 (1923); *Ruscomb Street,* 33 Pa. Superior Ct. 148 (1907). *See Spang & Co. v. Commonwealth,* 281 Pa. 414, 126 A. 781 (1924); *Edgemont Street,* 66 Pa. Superior Ct. 142 (1917).

Contrary to the township's contention, the case of *Bethlehem Municipal Water Authority Case,* 144 Pa. Superior Ct. 57, 18 A.2d 468 (1941) does not stand for the proposition that only property abutting on the vacated portion of the road may be affected. The Superior Court there cited *Melon Street, supra,* with approval, although excerpting a passage relevant to the facts of *Bethlehem Municipal Water Authority Case, supra,* which are distinguishable on two bases: (1) the owners there owned no property on any portion of the road involved, and thus their interest was indistinguishable from that of the public at large, and (2) the vacation there did not result in any deprivation of access in any accustomed direction, because a new road

was laid out around the improvement which was to be constructed on the vacated portion of the road.

Also distinguishable is *Hession Condemnation Case,* 430 Pa. 273, 242 A.2d 432 (1976) and its progeny, such as our own decisions in *Borough of Latrobe v. Latrobe Veterans Home Assoc.,* 52 Pa. Commonwealth Ct. 187, 415 A.2d 931 (1980) and *Department of Transportation v. Kastner,* 13 Pa. Commonwealth Ct. 525, 320 A.2d 146 (1974). Aside from the fact that those cases were decided upon petitions brought to recover damages against the Commonwealth under Sections 612 and 613 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-612, 1-613, whereas this action arises under the notice provisions of the Second Class Township Code incorporating the General Road Law, the strong factual distinction is that *Hession, supra,* did not involve the loss or limitation of access resulting from the creation of a cul-de-sac.

To survey briefly the general class of cases involving damage claims where no taking of private land title is involved, it is helpful to categorize the claims which result when the road system is affected by governmental action consisting of the addition or deletion of a circulation feature, *i.e.,* the installation of a physical barrier (addition) or the vacation of a segment of the system (deletion). The categories are:

1. Loss of immediate access, by an addition such as a fence or curbing along the property line, or by deletion through vacation of the segment on which the property abuts—for which damages are allowable;[2]

---

[2] *Finklestein v. Department of Transportation,* 23 Pa. Commonwealth Ct. 628, 354 A.2d 14 (1976), where curbing barred access to the abutting road; and *Department of Transportation v. Gayeski,* 21 Pa. Commonwealth Ct. 273, 344 A.2d 730 (1975), where fencing barred access to the abutting road.

2. Loss of proximate access, by addition of a barrier or deletion through vacation of a non-abutting road segment closer than the next intersection, leaving the property on a cul-de-sac —for which damages are allowable;[3]

3. Circuity of travel resulting from an addition or deletion beyond both of the nearest intersections—for which damages have not been allowed;[4] and

4. Diversion of business traffic to the alleged detriment of a commercially-used property—for which damages have not been allowed.[5]

As noted above, in *Hession* the vacated segment was *beyond* the proximate intersection, so that the private property was merely left upon one corner of a "T" intersection. In the recent *Latrobe* case, a non-abutting segment of an alley at the rear of the property was vacated, creating only an alley cul-de-sac and leaving the property accessible from both of the pre-existing directions in the front. Although *Kastner* involved a physical barrier which appeared to create a cul-de-sac, our opinion noted the claim as one based upon loss of "indentification" as the result of inability of the traveling public to see the property from the

---

[3] *Hedrick, supra, Donnelly v. Public Service Commission,* 268 Pa. 345, 112 A. 160 (1920) and *Ruscomb Street, supra,* following *Melon Street, supra,* to which *Hession, supra,* continued to look for the controlling standard.

[4] *Commerce Land Corp. v. Department of Transportation,* 34 Pa. Commonwealth Ct. 356, 383 A.2d 1289 (1978), *Brill v. Department of Transportation,* 22 Pa. Commonwealth Ct. 202, 348 A.2d 451 (1975), and *Department of Transportation v. Nod's Incorporated,* 14 Pa. Commonwealth Ct. 192, 321 A.2d 373 (1974), all medial barrier cases citing *Wolf v. Department of Highways,* 422 Pa. 34, 220 A.2d 868 (1966). *See also Edgemont Street,* 66 Pa. Superior Ct. 142,    A. (1917) a street vacation case with no cul-de-sac resulting as to the plaintiff's property.

[5] *Hession, supra.*

new traffic pattern, and therefore we considered it as a claim for "loss of traffic" rather than for "loss of access." We therefore found *Hession,* with its principle of rejecting damages for mere circuity and diversion of business traffic, to be controlling in *Kastner.*

Accordingly, finding the decision here on appeal to be in accordance with longstanding judicial doctrine and not in conflict with the decisions reviewed above, we affirm.

ORDER

AND Now, this 29th day of September, 1980, the May 17, 1979 order of the Court of Common Pleas of Lebanon County, at No. 376, 1978, is affirmed.