Commonwealth of Pennsylvania, Department of Transportation, Appellant, *v.* Nod's Incorporated, a Pennsylvania Corporation, Appellee.

Argued May 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Sandy W. Scichilone,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Clarence D. Neish,* for appellee.

OPINION BY JUDGE ROGERS, June 20, 1974:

This is another case in which a landowner seeks damages for an alleged permanent interference with access depending on Section 612 of the Eminent Domain Code, Act of June 22, 1964, (Special Session), P.L. 84, 26 P.S. §1-612.

Nod's Incorporated, owns a vacant tract of land containing about 21 acres situate in the Borough of Aliquippa, Beaver County. The land, with frontage of about 2300 feet, abuts the west side of Constitution Boulevard, a State highway. In 1970, the Commonwealth, by the Department of Transportation, widened Constitution Boulevard from three lanes to four lanes and constructed along the center line thereof a three foot high medial barrier. No opening in the barrier was provided at the location of the appellee's tract. After the improvement, northbound traffic on Constitution Boulevard desiring to enter Nod's land must proceed in that direction an additional two miles to an opening in the medial barrier, reverse its direction and travel the same distance to the property. Vehicles departing from the property intending to travel in a northerly direction must travel one-half of a mile to the south to another opening. There was no taking by the Commonwealth and, of course, the Commonwealth filed no declaration of taking.

Upon the appellee's petition, the lower court appointed a Board of View which, after hearings, filed a report awarding damages for interference with access and injury to surface support[1] in the amount of $37,500 plus compensation for delay in payment. The court below dismissed the Commonwealth's objections to the viewers' report and the Commonwealth has appealed.

---

[1] The Commonwealth has not raised in this appeal any question as to the appellee's right to damages for injury to surface support.

The Commonwealth contends that it has not interfered with access of the appellee's property to Constitution Boulevard and that its construction of the medial barrier has caused only diversion of traffic or circuity of travel for which it is not answerable in damages.

The legal principles applicable in this kind of case have been thoroughly expounded in recent cases. They are stated by Chief Justice JONES in *Wolf v. Department of Highways*, 422 Pa. 34, 220 A.2d 868 (1966), a pre-Eminent Domain Code case but controlling here. In *Wolf* also the claim was based upon the Commonwealth's construction of a medial barrier, as part, however, of highway improvements which included a taking of part of the claimant's property. The Supreme Court concluded that the taking of a portion of the landowner's property bore no relationship to the construction and location of the medial barriers and was therefore unlike the situation in *McCrady v. Department of Highways*, 399 Pa. 586, 160 A.2d 715 (1960) where it was held that the construction of curbing within a condemned strip adjacent to the highway rendered the Commonwealth liable for damages for injury to access. The Supreme Court also held in *Wolf*, however, that the medial barrier causing circuity of travel by some traffic on the road did not interfere with access.

In *Hession Condemnation Case*, 430 Pa. 273, 242 A.2d 432 (1968), *cert. denied*, 393 U.S. 1049 (1969), a post-Eminent Domain Code case involving Section 613, 26 P.S. §1-613, which provides damages for vacation of public ways although no land is taken,[2] the Supreme Court, by Justice ROBERTS, explained *Wolf* as follows: "Recognizing that the Wolfs were in essence claiming that a change in the traffic pattern on Route 11 had decreased the value of their business

---

[2] See also our recent case of *Commonwealth v. Richard Kastner*, 13 Pa. Commonwealth Ct. 525, 320 A.2d 146 (1974).

property, we stated the issue posed as 'whether the Commonwealth may regulate the direction of traffic on a highway by the location thereon of medial dividers the result of which location is to so divert traffic that access to the property of an owner of property abutting the highway is available by a circuitous, rather than a direct, route of travel without becoming liable for the effect of such diversion of traffic on the *after* value of the abutting owner's property.' (Emphasis in original.) Quoting at length from a Missouri Case, [State v. Meier, 388 S.W.2d 855 (Mo. 1965), cert. denied, 382 U.S. 846, 86 S. Ct. 79 (1965)] we held (id. at 47, 220 A.2d at 875) : ' "Nor does the right of ingress or egress to or from one's property include any right in and to the existing public traffic on the highway, or any right to have such traffic pass by one's abutting property. The reason is that all traffic on public highways is controlled by the police power of the State, and what the police power may give an abutting property owner in the way of traffic on the highway it may take away, and by any such diversion of traffic the State and any of its agencies are not liable for any decrease of property values by reason of such diversion of traffic, because such damages are 'damnum absque injuria,' or damage without legal injury." '

. . . .

" 'Respondent, as an abutting property owner on a public highway, does not now *have* and has never had any other property interest in the public highway other than a reasonable right of ingress and egress, as stated. Respondent has never had a property right in the traffic, great or small, on the highway, nor a right to recover damages for a decrease in value of her premises by reason of the diversion of traffic away from her property, nor has she had a property right to have the same amount of traffic pass her property as before or to have it move in the same direction.

Respondent's property right of access has never extended further than the right to enter *upon* the highway or to leave it and have reasonable connection to the public road system.' " (Emphasis in original.) 430 Pa. at 279-280, 242 A.2d at 435-436.

We recognize the difference between the six-tenths of a mile required to be traveled by reason of the medial barrier complained of in *Wolf* and the approximate four miles here. However, the appellee's complaint that some traffic on the abutting highway must travel in circuitous fashion to reach its property remains damnum absque injuria.

The order of the court below is reversed; the record is remanded for further proceedings consistent with this opinion.