Robert S. Brill and Dolores Brill, husband and wife *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued October 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Patrick J. Lavelle,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Pasco L. Schiavo,* for appellees.

OPINION BY JUDGE BLATT, December 5, 1975:

This is an action in which landowners Robert S. Brill and Dolores Brill seek condemnation damages for the consequences of the widening of a road passing in front of their property.

The Brill property is located on the north side of legislative route 40176 commonly known as Airport Road in Sugarloaf Township, Luzerne County. In late 1969 or early 1970 the Pennsylvania Department of Transportation (PennDOT) commenced widening the route from a two-lane undivided highway to a four-lane divided highway. Although no property of the Brills was actually taken and no condemnation proceeding was initiated by

PennDOT as to their property, the construction resulted in a change of grade of the highway in front of the property. Moreover, the erection of a two-foot high medial barrier along the center of the highway cut off immediate access to and from the property from the eastbound lanes. The Brills, therefore, petitioned the Court of Common Pleas of Luzerne County for the appointment of viewers to assess damages pursuant to Section 612 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended.* 26 P.S. §1-612.

On March 13, 1973 a board of three viewers was appointed, and it subsequently reported that the Brills were entitled to $3,750.00 in damages. PennDOT and the Brills both appealed from the viewers' report and requested a jury trial, which was granted. The jury returned a verdict in favor of the Brills in the single amount of $15,000, which was based upon special findings that the Brills suffered compensable damages from the change of grade and from permanent interference with access to and from the highway. PennDOT moved for a new trial which the Court of Common Pleas of Luzerne County, sitting en banc, denied. This appeal followed.

In an appeal from a denial of a motion for a new trial, our scope of review is limited to a determination as to whether or not the court below committed a manifest abuse of discretion or made a clear error of law. *Redevelopment Authority of the City of Erie v. Pulakos,* 17 Pa. Commonwealth Ct. 251, 330 A.2d 869 (1975); *Cohen v. Redevelopment Authority of the City of Philadelphia,* 12 Pa. Commonwealth Ct. 125, 315 A.2d 372 (1974). PennDOT concedes liability for damages resulting from the change of grade but argues that the lower court erred in allowing the jury to consider damages from "permanent interference with access" to the Brill property resulting from the erection of the medial barrier.

It is clear from all of the evidence that, prior to the erection of the medial barrier, the Brill property was

accessible directly from both the eastbound and the westbound lanes of Airport Road. The construction of the barrier, however, blocked direct access to and from the eastbound lanes and, as a result, a vehicle exiting from the Brill property and desiring to travel east on Airport Road is now required to travel west approximately one mile and a half to the nearest intersecting road where it may turn around and then head east. PennDOT argues that such circuity of access does not entitle the Brills to damages for "permanent interference with access," under Section 612 of the Eminent Domain Code.

The law in this area is well established. In *Wolf v. Department of Highways,* 422 Pa. 34, 220 A.2d 868 (1966) our Supreme Court stated:

> "Where land is taken or purchased for highways, the abutting owner retains, as an incident to ownership of the remainder of his land, the right of access, or of ingress and egress. This right cannot be taken from him unless compensation is made therefor under the law. It is a property right, protected by the constitution. Such right of access does not entitle the abutting owner to access at *all* points along the highway; it does entitle him to access, by reasonable and conventional means, to his property from the highway and from his property to the highway." *Wolf, supra,* 422 Pa. at 39, 220 A.2d at 871. (Citations omitted.) (Emphasis in original.)

Although *Wolf* preceded the Eminent Domain Code, its principles control the application of Section 612. *Hession Condemnation Case,* 430 Pa. 273, 242 A.2d 432 (1968); *Department of Transportation v. Nod's Incorporated,* 14 Pa. Commonwealth Ct. 192, 321 A.2d 373 (1974). We have previously held that a property owner's right of access "has never extended further than the right to enter *upon* the highway or to leave it and have reasonable connection to the public road system." *Nod's Incorporated, supra.,* 14 Pa. Commonwealth Ct. at 196, 321 A.2d at 375. (Cita-

tions omitted.) (Emphasis in original.) It is also appar-
ent that a property owner is simply not entitled to com-
pensation under Section 612 where access to the property
is restricted to circuitous routing rather than by a direct
route. In *Nod's Incorporated,* vehicles seeking access to
the subject property from one side of a highway were
diverted four miles as a result of the construction of a
medial barrier, and yet we held that such circuitous
access was not compensable. We can discern little differ-
ence in this case, and we believe, therefore, that the court
below erred in not granting a new trial.

Because interference with access to and from the
Brill property is not compensable under Section 612 of
the Eminent Domain Code, the decision and order of the
Court of Common Pleas of Luzerne County is reversed
and this case is remanded to that court for a new trial
limited to a determination of the damages suffered by
Robert S. Brill and Dolores Brill resulting from the
change in grade of Airport Road where it abuts their
property.