Condemnation of 0.077 Acres in the Borough of West Fairview, Cumberland County, Pennsylvania. Edward S. Finkelstein *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued February 4, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Gregory C. Santoro,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Edward S. Finkelstein,* appellee, for himself.

OPINION BY JUDGE WILKINSON, March 10, 1976:

This case is an appeal by the Commonwealth of Pennsylvania, Department of Transportation, (Commonwealth) from an order of the Court of Common Pleas of Cumberland County which overruled preliminary objections of the Commonwealth to a petition for the appointment of viewers filed by appellee. We affirm.

Appellee is the owner of a triangular-shaped tract of land situated in the Borough of West Fairview, Cumberland County. The sides of this triangular parcel are bounded on the north by Legislative Route 30 and on the south by State Road. These highways intersect at the apex, or eastern end, of the parcel. The base of the triangle, or western end, is bounded by private property. Prior to July, 1973, a vacant two-story dwelling and a trailer were situated on the property. The trailer, which was located immediately to the east of the dwelling facing the apex of the tract, was used by a tenant of appellee as a pick-up and drop-off station for dry cleaning. Patrons of the cleaning business customarily entered the lot at the apex and parked in front of the trailer. During the summer of 1973, however, without appropriating any land owned by appellee, the Commonwealth extended curbing, which already existed along the entire northern side of the lot bounded by Legislative Route 30, around the apex and part way along the southern perimeter bounded by State Road. A depression in the curb along the southern boundary and a driveway at the western boundary were the only remaining points of access to the property. Shortly thereafter, appellee's tenant terminated its dry cleaning business.

On January 24, 1974, appellee filed a petition for the appointment of viewers, alleging that the Commonwealth unreasonably interfered with access to his property by constructing curbs where it was formerly possible to

enter the lot to patronize his tenant's cleaning establishment. The Commonwealth filed preliminary objections essentially contending that appellee had not suffered any compensable injury. Depositions of appellee and a plans engineer employed by the Commonwealth were taken and filed with the lower court which subsequently overruled the preliminary objections.[1] The court, relying on *McCrady Case*, 399 Pa. 586, 160 A.2d 715 (1960), held that appellee, despite the failure of the Commonwealth to actually "take" any of his property, alleged damages compensable under Section 612 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P. L. 84, *as amended*, 26 P. S. §1-612, in that access to his lot, which abutted an area of highway improvement, was permanently interfered with.[2] The Commonwealth now appeals to this Court on two grounds.

As its first ground, the Commonwealth argues that the lower court erred in finding damages compensable under the Code on the basis that the existence of the curb depression in the southern boundary and the driveway at the western boundary constituted such reasonable and convenient access to appellee's property as to preclude a claim for permanent interference of access under Section 612. We cannot agree. The court below found that the dwelling and trailer were situated on the parcel in such manner as to extend "virtually from one side of the lot

---

1. Prior to its disposition of the preliminary objections, the court below ordered appellee to apply for permission to depress the curbing in front of his premises. Appellee complied, applying to the Commonwealth for curb cuts, but was refused permission for reasons of safety.

2. Section 612 provides in full:
   "All condemnors, including the Commonwealth of Pennsylvania, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken."

to the other"; that the curb depression and driveway "remained at points behind the trailer"; that "the parking area from the trailer to the intersection was effectively sealed off" by the curbing; and that "[a]s a result, the commercial use of the land has been discontinued, the trailer and house have been removed from the lot, and plans to build a permanent commercial building, using part of the lot for parking, have been abandoned." These findings are supported by the record and place the case in a factual posture controlled by *McCrady Case, supra,* cited by the lower court as dispositive authority.

In *McCrady,* the owner of a triangular plot, on which commercial operations were conducted, was permitted damages against the Commonwealth for interference with access when the Department of Highways (now the Department of Transportation) installed curbing along the property's highway frontage. Applying *McCrady* to the instant case, President Judge SHUGHART, speaking for the court below, correctly stated:

"A comparison of this case with the McCrady Case, supra, leaves no question that the injuries sustained here may be found compensable by a board of view. McCrady owned land on which a gasoline station, restaurant, and parking lot were situated. During improvements to the abutting intersection, the Commonwealth erected curbs around his property, leaving five 'access ways' which made ingress and egress to and from the lot 'exceedingly difficult and, in some instances, impossible.' McCrady Case, supra, [399 Pa. at 589, 160 A.2d at 717]. The effect of these improvements was a 'practical denial of any access to the property for the purpose for which it was employed.' McCrady Case, supra, [399 Pa. at 595, 160 A.2d at 720]. The case before us is even stronger. Here, the Commonwealth has completely sealed off that portion of the lot which is put to commercial use. In each case, the landowner has been 'faced with the alterna-

tives of either ceasing any commercial operations on the premises or of relocating the buildings in which such operations took place to fit in with the new construction, particularly the location of the new access ways and curbing.' McCrady Case, supra, [399 Pa. at 590, 160 A.2d at 717). This is an injury which is properly to be considered by a board of view."

We cannot disagree.[3]

As its second ground, the Commonwealth asserts that the extension of the curbing was a reasonable exercise of its police power by the Secretary of Transportation under Section 420 of the State Highway Law, Act of June 1, 1945, P. L. 1242, *as amended,* 36 P. S. §670-420,[4] unconnected with an actual "taking" of appellee's property, and thus could not be the basis of a compensable claim for any diminution of rights in appellee as an abutting property owner. We reject this assertion. The Commonwealth ignores the language of Section 612 of the Code and its interpretation by our Supreme Court

---

3. It is to be noted that *McCrady* was a pre-Code case and one in which the Commonwealth, unlike in the instant controversy, condemned part of the land owned by McCrady on which to erect the curbing. Otherwise, absent an actual "taking" of property, the Commonwealth would not have been liable for damages arising from the interference of access. *Pane v. Department of Highways,* 422 Pa. 489, 222 A.2d 913 (1966).

However, since Section 612 now allows such damages against the Commonwealth "whether or not any property is taken," and since "permanent interference with access" is not defined by the Code, a practical and logical approach is to apply pre-Code law to determine if access has been permanently interfered with. Accordingly, the analysis used in *McCrady* is appropriate in the present case.

4. Section 420 provides in part:

"The secretary is empowered to make reasonable rules and regulations governing the use of all State highways, and, by the construction of curbs, divisor strips, painted lines or signs, may control the direction of the flow of traffic thereon."

in *Pane v. Department of Highways*, 422 Pa. 489, 222 A.2d 913 (1966). In *Pane*, the Commonwealth, through the Secretary of Highways (now the Secretary of Transportation), pursuant to Section 210 of the State Highway Law, 36 P. S. §670-210,[5] widened and changed the grade of a highway which abutted claimant's parcel of land without actually "taking" any of claimant's property. The Supreme Court held that the action of the Commonwealth, despite the absence of an actual "taking," constituted a "condemnation," as that term is defined by Section 201(2) of the Code, 26 P. S. §1-201(1),[6] and thus formed the basis for compensation under Section 612. We can perceive no legally significant difference between interference with access resulting from a widening and grade changing of an abutting highway and that resulting from an erection of curbing thereon. Consequently, we are compelled to hold that the installation of curbing in the instant case, which is alleged to have permanently interfered with access to appellee's abutting property, is an act of "condemnation" under the Code, the damages flowing from which are compensable under Section 612.

Affirmed.

---

5. Section 210 provides in part:

"The secretary is hereby empowered to change, alter, or establish the width, lines, location, or grades of any State highway or any intersecting road in any township, borough, or incorporated town, in such manner as, in his discretion, may seem best, in order to correct danger or inconvenience to the traveling public, or lessen the cost to the Commonwealth in the construction, reconstruction, or maintenance thereof."

6. Section 201(1) defines the word "condemn" as follows: " 'Condemn' means to take, injure or destroy private property by authority of law for a public purpose." The Supreme Court in *Pane* particularly emphasized the word "injure."