In Re: Petition of Francis Tracy *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued May 7, 1979, before Judges WILKINSON, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*Michael J. Creighton,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, Chief Counsel, and *Gerald Gornish,* Acting Attorney General, for appellant.

*Gregory T. Nichols,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 5, 1979:

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation from a dismissal of its Preliminary Objections to a Petition for Appointment of a Board of Viewers. Appellee is alleging a "de facto taking" under Section 612 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-612. The court below found sufficient evidence was presented by appellee to establish a "de facto taking." We affirm.

Appellee has been the owner for approximately 22 years of a parcel of land in Fayette County situated at the southeast corner of the junction of Legislative Route 119 (119) and Legislative Route 26119 (26119). In April of 1976 appellant, which was widening 119 in order to set up a "standby" left turn lane, erected an eight inch curb around the edge of appellee's property

within the highway right-of-way. This curbing hems the circumference of the corner breaking into openings or access "throats" on both 26119 and 119. The width of the throat on 26119 is 100 feet and the one on 119 is 44 feet.[1] Before that appellee's property and the road were blended or graded together.

Appellee's land is about an acre upon which sits a 40 by 70 foot tavern-restaurant and a six unit motel situated 50 feet south of the tavern on the southern boundary of appellee's property.

Prior to the road widening a good percentage of appellee's patrons were truck drivers. They are not now. This is so, appellee says, because tractor trailer trucks cannot get out of his lot safely once they come in off 119 and cannot get in his lot at all off 26119. This, he says, is constructive taking under Section 612 of the Code.

Appellant, relying on a long line of cases, *Hession Condemnation Case,* 430 Pa. 273, 242 A.2d 432 (1968), *cert. denied,* 393 U.S. 1049 (1969); *Wolf v. Department of Highways,* 422 Pa. 34, 220 A.2d 868 (1966); *Brill v. Department of Transportation,* 22 Pa. Commonwealth Ct. 202, 348 A.2d 451 (1975); *Department of Transportation v. Nod's Inc.,* 14 Pa. Commonwealth Ct. 192, 321 A.2d 373 (1974); *Department of Transportation v. Kastner,* 13 Pa. Commonwealth Ct. 525, 320 A.2d 146 (1974), *cert. denied,* 419 U.S. 1109 (1975), asserts that this is not a taking and damages, if any, are *damnum absque injuria.* The above cases are "barrier" and "circuity" cases. In *Kastner, supra,* for example, the condemnee's property was on a road which was once heavily traveled. An elevated highway was built ad-

---

[1] There is evidence in the record that these "throats" are 60 feet and 40 feet respectively. However, the trial court's opinion indicates he accepted the larger figure, which of course could only reflect in appellant's favor.

jacent to it effectively rerouting traffic and affecting access in three out of four directions. In *Wolf, supra,* medial dividers were erected, forcing eastbound Wolf customers to drive past the property, turn around at a crossroad and thereby enter the Wolf property from the westbound lanes.

This is not a situation where the customers must take a longer route. As found by the trial court, the customers are effectively denied entry. A large proportion of appellee's customers are tractor trailer trucks. They can get in the appellee's lot but they cannot get out safely from 119 and they cannot even get in safely from 26119. It is not a question of circuity or rerouting—the traffic still goes by appellee's property, but trucks with trailers cannot physically negotiate the parking lot with the new curbing. The problem here is not changed or circuited access, but for trucks it is *no access at all.*

The law is clear that in these cases the burden is heavy for the constructive condemnee to prove direct damages, but we cannot say the lower court abused its discretion in finding appellee met his burden. Before the curbing, a truck coming north on 119 could pull in front of the appellee's tavern and back around to the right, parking parallel to the motel. When leaving the trucker could just pull out and continue heading north. Now a truck turning right into appellee's property from the right hand lane can do so only by making an illegal right turn across one lane of traffic out of the passing lane. But once in, the trucker's problems are not over. To get out he must back out into the highway.

This case is controlled by a different strain of access cases, the *McGrady Case,* 399 Pa. 586, 160 A.2d 715 (1960) and *Finkelstein v. Department of Transportation,* 23 Pa. Commonwealth Ct. 628, 354 A.2d 14

222

(1976). Both of these were curbing cases. Our discussion of the law in *Finkelstein,* which applies with equal force here, makes repetition unnecessary.

According to the findings of the trial court, supported by competent evidence, appellee has been denied access to his property. Having thus found, the trial court was correct in dismissing the appellant's preliminary objections.

Accordingly, we will enter the following

### ORDER

AND Now, June 5, 1979, the order of the Court of Common Pleas of Fayette County dated May 30, 1978, at No. 616 March Term, 1977 is hereby affirmed.