The City of Philadelphia, Appellant *v.* Sterling Metalware Company, Appellee.

314

Argued October 4, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Agostino Cammisa*, Assistant City Solicitor, with him *Sheldon L. Albert*, City Solicitor, *Edgar R. Einhorn*, Deputy City Solicitor, and *James M. Penny, Jr.*, Deputy City Solicitor, for appellant.

*Larry Haft*, with him *Norman Perlberger*, of counsel, *Blank, Rome, Comisky & McCauley*, for appellees.

OPINION BY JUDGE BLATT, January 4, 1980:

The City of Philadelphia (City) appeals from the dismissal of its preliminary objections to a Petition

for Appointment of a Board of View. The said petition, filed by the Sterling Metalware Company (appellee), alleges a "de facto taking" under Section 612 of the Eminent Domain Code (Code),[1] and Court of Common Pleas of Philadelphia County found that sufficient evidence was presented by the appellee to establish a "de facto taking." We agree.

The appellee owns a metal fabrication business located at 2536 North Reese Street, Philadelphia. In July 1975, the Mayor of Philadelphia approved an ordinance which directed the striking and vacating of a portion of the 2600 block of North Reese Street. As a result of the street closing, tractor-trailers delivering material to the appellee's plant are unable to reach the Reese Street entrance and must instead deliver the material to another entrance of the plant which the appellee has argued is too small to receive it. Consequently the appellee argues that the city's action in closing the street deprived it of reasonable access to its property. It also argues that it has suffered a substantial and material loss for which compensation is due.

Our scope of review is, of course, limited to determining whether or not there is competent evidence in the record to support the findings made by the court below and as to whether or not an error of law was committed. *Petition of Ramsey*, 31 Pa. Commonwealth Ct. 182, 375 A.2d 886 (1977).

The City contends that the appellee has not been denied reasonable access. It argues that the installation of "No-Parking" signs on certain portions of Reese Street would make it possible for tractor-trailers to maneuver onto Reese Street and make deliveries as before. We note, however, that although the City

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-612.

proposed this solution to the problem, it has taken no action to implement it, and the court below correctly concluded that mere promissory statements of some future intention by the City will not defeat the property owner's right to recovery.

We have recently had occasion to deal with a similar problem involving the right to access in *Tracy v. Department of Transportation*, 43 Pa. Commonwealth Ct. 218, 402 A.2d 286 (1979), where the Department's action in widening a road effectively denied entry of tractor-trailers onto the property owner's parking lot. We concluded there that such action constituted a compensable taking, and, inasmuch as the court below in the instant case made a similar finding of non-access as to the appellee's Reese Street entrance, we must hold *Tracy, supra,* to be controlling here.[2]

The City further argues that the appellee has failed to establish any damages resulting from the street closing, and it is true that a constructive condemnee bears a heavy burden in proving damages. We cannot say, however, that the lower court abused its discretion in finding that the appellee met this burden here. The court found that deliveries of sheet metal used in the appellee's manufacturing process must now be made to another entrance of the appellee's plant which is too small to receive them. Additional manpower, time and equipment is required, therefore, to shear the metal before it can be received into the plant. This finding, which is supported by the record, clearly establishes that damage has resulted to the appellee.

The order of the court below is therefore affirmed.

---

[2] The holding in *Truck Terminal Realty Co. v. Department of Transportation*, 35 Pa. Commonwealth Ct. 492, 387 A.2d 153 (1978) is not inconsistent. The closing of the road in that case was a temporary one, unlike the permanent vacation here.

## Order

AND Now, this 4th day of January, 1980, the order of the Court of Common Pleas of Philadelphia County, dated March 31, 1978, at No. 2463, March Term, 1977, is hereby affirmed.