520 A.2d 548

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* William L. Guyette and Ruth A. Guyette, his wife, and Paul D. Wasserott, Jr., Appellees.

Submitted on briefs September 9, 1986, to Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*John V. Rovinsky,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Frank W. Nocito,* for appellees.

OPINION BY JUDGE BARRY, January 30, 1987:

This is an appeal from an order of the Court of Common Pleas of Luzerne County affirming a Board of Viewers' decision awarding damages to appellees, William L. Guyette and Ruth A. Guyette (Guyettes) and Paul D. Wasserott, Jr. (Wasserott), under Section 612 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-612.

We must determine whether the Commonwealth's construction of a medial barrier on the highway bordering appellees' properties created a permanent interference with access which would be compensable under the Eminent Domain Code.

The relevant facts, as found by the trial court and supported by the record, are as follows. Wasserott is the proprietor of a medical supply business. The Guyettes are in the business of selling communications services and equipment. They each own commercial properties abutting Route 309, a four-lane highway in Courtdale Borough, Luzerne County. In October of 1980, the Commonwealth erected a medial barrier along the center of the highway. The parties concede that the only substantial detour resulting from the barrier affects northbound vehicles who wish to enter appellees' property. Although conflicting testimony was presented regarding the exact distance involved, the trial court found that eighteen wheel trucks would have to travel an additional 7.45 miles in order to enter appellees' property.[1] Based on this finding, the court concluded that the medial barrier constituted a permanent, compensable interference with appellees' property.

It is well established that:

Where land is taken or purchased for highways, the abutting owner retains, as an incident to ownership of the remainder of his land, the right of access, or of ingress and egress. This right cannot be taken from him unless compensation is made therefor under the law. It is a property right, protected by the Constitution. Such right

---

[1] The trial court made no finding as to the extra distance which cars, vans and other small trucks would have to travel to reach appellees' property. Both appellant and appellees, however, maintain in their briefs that this distance would be at least 3.5 miles.

of access does not entitle the abutting owner to access at *all* points along the highway; it does entitle him to access, by reasonable and conventional means, to his property from the highway and from his property to the highway. (Emphasis in original.)

*Wolf v. Department of Highways*, 422 Pa. 34, 39, 220 A.2d 868, 871 (1966). *Wolf* controls the application of Section 612 notwithstanding the fact that it preceded the Eminent Domain Code. *Hession Condemnation Case*, 430 Pa. 273, 242 A.2d 432 (1968).

We have dealt with this exact issue on several previous occasions. In *Condemnation of 1315 to 1391*, 34 Pa. Commonwealth Ct. 356, 383 A.2d 1289 (1978), we held that detours of 2.35 and 2.80 miles were not unreasonable even when taking into account the fact that the property in question was used as a truck terminal. In *Department of Transportation v. Nod's Inc.*, 14 Pa. Commonwealth Ct. 192, 321 A.2d 373 (1974), the additional travel necessitated by the medial barrier was four miles but we held that such distance was not so unreasonable as to constitute a taking within the meaning of the Eminent Domain Code. In *Commerce Land Corporation v. Department of Transportation*, 25 Pa. Commonwealth Ct. 561, 566, 361 A.2d 469, 471 (1976), we summarized the law in this area as follows:

The law, as set forth in Hession, Nod's and similar cases, makes it clear that the necessity to travel a circuitous route (at least up to four miles) will not give rise to a Section 612 damage claim. However, it is not inconceivable that there may be routes so circuitous as to indeed represent an unreasonable permanent interference with access.

The trial court in the case at hand found that the detour was, in fact, so circuitous as to represent an un-

reasonable permanent interference with access. It based this conclusion on the specific finding that the appellees' businesses require daily deliveries and the "bulk" of these deliveries are made by eighteen wheel trucks which must now travel an additional 7.45 miles in order to reach appellees' property.

In a condemnation case, our scope of review is limited to a determination of whether the trial court abused its discretion, whether an error of law was committed, or whether findings and conclusions are supported by sufficient evidence. *Condemnation of 1315 to 1391.* After carefully reviewing the record, we conclude that the findings and conclusions are supported by sufficient evidence and the trial court neither abused its discretion nor committed an error of law.

Affirmed.

## ORDER

NOW, January 30, 1987, the order of the Court of Common Pleas of Luzerne County, dated September 12, 1985, at Nos. 1671 and 1672 of 1981, is affirmed.

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

A governmental agency in implementing its highway program may use, in the exercise of its police power, such devices as medial barriers and curbing. However, the exercise of the police power, when it reaches a certain magnitude, becomes an exercise of the power of eminent domain and the agency must offer compensation in order to sustain that exercise of police power.

Our legislature recognized this by providing in section 612 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-612, that "all condemnors . . . shall be liable for damages to property abutting the area of an improve-

ment resulting from change of grade of a road or highway, *permanent interference with access thereto,* or injury to surface support, whether or not any property is taken." (Emphasis added.) Damages must result from interference with access. Mere inconvenience to access from the use of barriers, medial strips, or curbing, which results in a change of the traffic pattern, is merely evidentiary on this issue.

Access is defined as the right of reasonable ingress and egress. *Breinig v. Allegheny County,* 332 Pa. 474, 2 A.2d 842 (1938). This right of a reasonable ingress and egress is a property right which cannot be impaired or taken away without compensation. *Hession Condemnation Case,* 430 Pa. 273, 242 A.2d 432 (1968). However, this property right does not include a right of the landowner in the continuation or maintenance of traffic flow past his property. *Wolf v. Department of Highways,* 422 Pa. 34, 220 A.2d 868 (1966).

An access is not a reasonable one if it is unsuited for its present use and for the highest and best use of its property. Access is unreasonable where entrance and deliveries cannot be made, except under difficult conditions and at considerable expense. There is a direct relationship between suitable access and highest and best use. *Priestly v. State,* 23 NY2d 152, 242 NE2d 827, 295 NYS2d 659 (1968).

Routes may also be so circuitous as to represent an unreasonable and permanent interference with access. *Commerce Land Corp. v. Pennsylvania Department of Transportation,* 25 Pa. Commonwealth Ct. 561, 361 A.2d 469 (1976). In *Tracy v. Pennsylvania Department of Transportation,* 43 Pa. Commonwealth Ct. 218, 402 A.2d 286 (1979), the property owner operated a restaurant and motel which was frequented by tractor-trailer trucks and drivers, and the barriers erected resulted in an unsafe condition. In *McCrady Case,* 399 Pa. 586, 160

A.2d 715 (1960), the property involved was a gas station and restaurant. Access was so constructed that ingress and egress to and from the gas station and restaurant were located so that it was very difficult and in some instances impossible to reach the property. Large tractor-trailers, which represented a considerable volume of the owner's business, found it impossible to get in.

In the instant case, one owner is in the medical supply business and the other sells communication services and equipment. The only substantial detour resulting from the medial barrier affects northbound vehicles which must travel circuitously about 7.45 miles to enter the property. While these suppliers to the property owner may be inconvenienced, it would be unreasonable to infer substantial infringement or interference with access or to infer that access is unsafe or impractical.