522 A.2d 112

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Gene F. Myers and Grace B. Myers, his wife, Appellees.

Argued November 17, 1986, before Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Lawrence R. Wieder*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Henry G. Barr*, General Counsel, for appellant.

*Victor A. Neubaum*, for appellees.

OPINION BY SENIOR JUDGE KALISH, March 5, 1987:

Appellant, Department of Transportation (DOT) seeks review of an order of the Court of Common Pleas of Adams County which dismissed the preliminary objections of appellant and found that the property of appellees has been subject to a de facto taking. We affirm the trial court.

Since factual issues were involved, the trial court held an evidentiary hearing in the form of depositions and interrogatories to determine whether there had in fact been a taking. The trial court found that on August 2, 1976, appellees purchased a two-story frame house with a basement, located at the intersection of Pennsylvania Route 234 and Legislative Route 01042. Access to

the basement could be gained only from the outside entrance located along Route 01042. At the time of the acquisition, the basement contained eight inches of water and it was necessary for appellees to pump the basement to keep it dry. They did this until 1978. In 1978 DOT installed drainage pipes with catch basins along the roadside so that the basement remained dry.

In the summer of 1981, DOT engaged in the widening of Route 01042. Thereafter, following a heavy downpour of rain, appellees' basement flooded. As a result, the home remained damp, the paneling buckled, and there were unpleasant odors. On July 1, 1982, appellees moved because of these conditions. They sold their home, at auction, for $5,900.

On September 13, 1983, appellees filed a petition for the appointment of viewers pursuant to section 502(e) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e), in which they alleged that the widening of Route 01042 went beyond its right-of-way, that DOT took some of appellees' land in the process, and cut an embankment causing surface water to flood their basement, making their house uninhabitable.

The trial court found that Route 01042 consisted of a thirty-three foot right-of-way and that the grading work did not extend beyond this right-of-way, so that there was no physical taking of any property belonging to appellees. This finding is based on substantial evidence in the record. However, the court did find that there was a de facto taking of appellees' property.

DOT contends that there could be no taking because the trial court did not define the exact nature and extent of the taking and because DOT did not enter upon appellees' property. Moreover, the evidence did not show a substantial deprivation of the use and enjoyment of appellees' property.

Our scope of review is to determine whether there is substantial evidence to support a finding of a de facto taking or whether there was an error of law. *McCracken v. City of Philadelphia,* 69 Pa. Commonwealth Ct. 492, 451 A.2d 1046 (1982).

The Fifth Amendment to the United States Constitution, U.S. CONST. amend. V, provides that private property may not be taken for a public purpose without just compensation. The Fourteenth Amendment, U.S. CONST. amend. XIV, forbids a state from depriving a person of property without due process of law.

Based upon the allegations in the petition, the trial court was concerned with whether DOT, *by its conduct,* so substantially infringed upon the beneficial use and enjoyment of appellees' property so as to constitute a taking of their property compensable in eminent domain. *Conroy-Prugh Glass Co. v. Commonwealth,* 456 Pa. 384, 321 A.2d 598 (1974).

It was not necessary, contrary to DOT's contentions, for the trial court to make a determination of the exact physical nature and extent of the taking. The trial court correctly perceived that in a de facto taking, the old concept of property as a physical object has given way to the present concept of considering property as a bundle of rights or interests pertaining to the physical object.

Nor was it necessary, contrary to DOT's contentions, that there be a physical moving *onto* the property of appellees. Substantively there is no essential difference between the taking of a person's property in the exercise of the police power by some regulation controlling the flight of airplanes or traffic patterns, and a taking by a physical invasion of that person's property in an eminent domain proceeding. Thus, where the impact of the governmental agency's conduct was sufficiently substantial to infringe on the beneficial use and enjoyment of the property, it triggers the Fifth and Fourteenth Amend-

ments. In such cases we have held that *just compensation must be paid just as if there had been a de jure condemnation. Griggs v. Allegheny County,* 369 U.S. 84 (1962); *McCrady Case,* 399 Pa. 586, 160 A.2d 715 (1960); *City of Philadelphia v. Sterling Metalware Co.,* 48 Pa. Commonwealth Ct. 313, 410 A.2d 90 (1980); *Petition of Ramsey,* 31 Pa. Commonwealth Ct. 182, 375 A.2d 886 (1977) (where this court recognized the principle but said the impact was not great enough to constitute a taking).

Nevertheless, because of the need to preserve some degree of flexibility and because of the tremendous financial burden imposed on governmental agencies in land planning and zoning cases, our court has continued to articulate the conceptual difference between an eminent domain taking requiring compensation under the Fifth and Fourteenth Amendments and a taking outside the eminent domain concept where the remedy of the owner was to have the offending statute declared invalid. *Reilly v. Department of Environmental Resources,* 37 Pa. Commonwealth Ct. 608, 391 A.2d 56 (1978); *Gary D. Reihart, Inc. v. Township of Carroll,* 487 Pa. 461, 409 A.2d 1167 (1979). Additionally, we have held that no recovery may be had in eminent domain where the injuries result from a trespass or negligent conduct. *Lutzko v. Mikris, Inc.,* 48 Pa. Commonwealth Ct. 75, 410 A.2d 370 (1979). Neither situation is applicable here.

It is difficult to formulate a fixed standard in connection with a de facto taking involving residential property. Each case is decided on an ad hoc basis. Here, the court found that appellees' basement remained dry until DOT worked on the widening of Route 01042. The causal result was obvious. It did not require an expert to show that flooding resulted accompanied by odors and the buckling of panels. The property was therefore

made useless for its highest and best use—a residence. This is supported by substantial evidence in the record.

Accordingly, we affirm the trial court.

ORDER

Now, March 5, 1987, the order of the Court of Common Pleas of Adams County, No. 83-S-561, dated April 7, 1986, is affirmed.

Judge PALLADINO concurs in the result only.