620 A.2d 67

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,**

**v.**

**James ELSER and Caroline Elser, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided Jan. 7, 1993.

Carl Vaccaro, Asst. Counsel In–Charge, for appellant.

Denis M. Dunn, for appellees.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

The Department of Transportation (Department) appeals from an Order of the Court of Common Pleas of Delaware County (trial court) dismissing the Department's Preliminary Objections to a Petition for a Board of View filed by James and Caroline Elser (Elsers).

The Elsers are the owners of property at 601A Convent Road in Aston Township (Township), Delaware County. On the property, there is a multi-family dwelling in which the Elsers reside, as well as a small commercial greenhouse. The property is situated at the intersection of Convent Road, a township road, and two state highways, Concord Road and Aston Mills Road. Primary access to the property is provided by a driveway that opens on to Convent Road near the convergence of the three roads.

During 1988, the Department began installing traffic signals at the intersection of the three roads. In October of that year, the Elsers raised questions to both the Department and the Township as to how the signalization would affect the ability to safely use their driveway. Apparently realizing that use of the driveway would create an unsafe traffic condition, the Department informed the Elsers in December 1988 that it planned to construct a curb, preventing access to the property. Although the Elsers obtained an injunction to prevent the Township from constructing a curb,[1] the Department contacted the Elsers on December 27, 1988, to inform them that Department trucks were on the way to the property to close the driveway by dumping a load of crushed stone in front of it.

---

1. The Elsers brought suit against the Township and the Department in the trial court in mid-December in an attempt to prevent them from constructing a curb or otherwise blocking the driveway. While a stop work order was issued against the Township on December 26, 1988, no such order was issued against the Department. Though there is no indication in the record of why an order was not issued against the Department, the trial court apparently believed it did not have the authority to do so.

The Department dumped the crushed stone on the driveway later that day, preventing its use.

In an attempt to force the Department to remove the stone and prevent it from constructing a curb, allowing the driveway to be used, the Elsers filed a Petition for Review with this court,[2] seeking injunctive relief. After a hearing, the requested relief was denied, because no evidence was presented that the Elsers were suffering an immediate and irreparable harm that could not be compensated by damages.

The Elsers then filed a Petition for the Appointment of Viewers in the trial court to assess damages under the Eminent Domain Code (Code).[3] Their petition alleged that the Department's actions constituted a *de facto* taking by both physically appropriating the portion of their property where the crushed stone was located and by permanently blocking access. In response, the Department filed Preliminary Objections contending that its deposit of crushed stones to block the driveway did not physically appropriate any of the Elsers' property, and the denial of access to Convent Road was not a compensable injury because other access to the property existed.

The trial court dismissed the Preliminary Objections of the Department. In doing so, however, it did not hold an evidentiary hearing or otherwise take evidence on the matter. In determining that the placement of crushed stone by the Department constituted a *de facto* taking by both appropriating a portion of the Elsers' property and substantially interfering with permanent access, the trial court relied on a certified copy of the transcript of the Preliminary Injunction hearing, which the Elsers had attached as an appendix to their trial brief. This appeal followed.[4]

2. No. 3036 C.D. 1988.

3. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101–1–903.

4. Where the trial court has dismissed preliminary objections to a petition for appointment of viewers, this Court's scope of review is to determine whether competent evidence supports the finding of a *de facto* taking and whether the trial court abused its discretion or committed an error of law. *Redevelopment Authority of Oil City v. Woodr-*

The Department asserts that the blocking of access to Convent Road is not compensable because the Elsers have reasonable alternative access to other public roads. It further contends that the trial court's reliance on the preliminary injunction hearing transcript made before this court to find otherwise was improper because it was not properly offered into the record and because the Department was not given the opportunity to present its own evidence.

Section 612 of the Eminent Domain Code provides that action by a condemnor which permanently interferes with the right of access is a compensable taking. It provides:

> All condemnors, including the Commonwealth of Pennsylvania, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken.

26 P.S. § 1–612. *See Wolf v. Department of Highways*, 422 Pa. 34, 220 A.2d 868 (1966).

Compensation, however, is not required for the denial of unfettered access to the public way. A property owner only has the right "of reasonable ingress and egress ... [It] does not entitle the owner to access at all points along the highway." *Department of Transportation v. Richards*, 124 Pa.Commonwealth Ct. 432, 439, 556 A.2d 510, 513 (1989). If reasonable alternative access exists, the closing of one point of access will not be considered substantial interference. *Borough of Dickson City v. Malley*, 94 Pa.Commonwealth Ct. 386, 503 A.2d 1035 (1986). Neither is limiting access from a particular direction a substantial interference. Simply requiring a more circuitous route is, of itself, not so unreasonable as to constitute a taking within the meaning of the Code. *Commerce Land Corp. v. Department of Transportation*, 34 Pa.Commonwealth Ct. 356, 383 A.2d 1289 (1978). To be reasonable, however, the alternative access must enable the property to be used for the purpose for which it had been

*ing*, 60 Pa.Commonwealth Ct. 234, 430 A.2d 1243 (1981), *aff'd*, 498 Pa. 180, 445 A.2d 724 (1982).

employed. *In re Condemnation in West Fairview Borough,* 23 Pa. Commonwealth Ct. 628, 354 A.2d 14 (1976) (*Finkelstein*); *In re McCrady,* 399 Pa. 586, 160 A.2d 715 (1960).

■ Whether there is reasonable access is a question of fact to be determined by the trial court. *See City of Philadelphia v. Martorano,* 38 Pa.Commonwealth Ct. 573, 394 A.2d 674 (1978).[5] To resolve factual matters raised by preliminary objections, Section 504 of the Eminent Domain Code, 26 P.S. § 1–504, provides:

> Objections to the form of the petition or the appointment or the qualification of the viewers are waived unless included in preliminary objections. The court shall determine promptly all preliminary objections and make such orders and decrees as justice shall require. *If an issue of fact is raised, evidence may be taken by deposition or otherwise as the court shall direct.* (Emphasis added).

■ Because whether there is reasonable alternative access is a question of fact, the Department contends that the trial court was required to take testimony to resolve that issue, and that the sole reliance by the trial court on the transcript made in the preliminary injunction hearing before this Court to make those determinations was improper. It contends that the evidence adduced in that hearing to meet the criteria to grant a preliminary injunction is significantly different than that which would be adduced in a hearing on the preliminary objections to determine whether there is reasonable alternative access. To the contrary, the Elsers contend that the use of the transcript is permissible because Section 504 provides that issues of fact may be resolved "as the court shall direct."

Those relevant portions of the preliminary injunction transcript may be introduced into evidence to determine factual matters raised in the Department's preliminary objections because the parties are the same and involve the same factual matter. *Zank v. West Penn Power Co.,* 169 Pa.Superior Ct. 164, 82 A.2d 554 (1951). That transcript alone, however,

---

**5.** We note the Department is not required to formally request an evidentiary hearing when disputed issues of fact are raised. *Martorano,* 38 Pa.Commonwealth Ct. at 577, 394 A.2d at 675.

cannot be used to make that determination. As the Pennsylvania Superior Court stated in *Soja v. Factoryville Sportsmen's Club*, 361 Pa.Superior Ct. 473, 522 A.2d 1129 (1987):

> [I]t is unfair for a court to determine an action based upon a different legal standard than that by which the litigants believed themselves to have been governed. It is the antithesis of due process to bring someone before a court to defend himself on one basis if the court then reaches its decision on a different basis. It is also unfair to reach a final decision after a preliminary proceeding. A litigant may not prepare as completely as he would had he realized that he was not going to receive a second chance to present his case.

*Id.* at 481, 522 A.2d at 1133. *See also LARA, Inc. v. Dorney Park Coaster Co.*, 116 Pa.Commonwealth Ct. 548, 542 A.2d 220 (1988), *petition for allowance of appeal denied*, 522 Pa. 580, 559 A.2d 40 (1989).[6] Consequently, the Department must have the opportunity to offer evidence to specifically address issues raised in the preliminary objections that reasonable alternative access exists, making its action in closing the access to Convent Road non-compensable.

Because reliance on the preliminary injunction hearing transcript alone was improper, there is insufficient evidence in the record to determine whether the Department substantially interfered with permanent access to the Elsers' property. Similarly, sole reliance on the preliminary injunction hearing transcript to make a determination of whether the Department's dumping of crushed stone physically appropriated any of the Elsers' property is also improper. Consequently, we must vacate the decision of the trial court and remand for an evidentiary hearing and findings of fact consistent with this opinion.

---

**6.** Not only is the use of the preliminary injunction insufficient for this reason, it was never offered or admitted into evidence. As such, it is not evidence upon which the trial court may rely. *Cf. Department of Transportation, Bureau of Driver Licensing v. McCrea*, Pa.Commonwealth Ct., 526 A.2d 474, *aff'd on rehearing*, 110 Pa.Commonwealth Ct. 261, 532 A.2d 72 (1987); *Pfeiffer v. Department of Transportation, Bureau of Driver Licensing*, 114 Pa.Commonwealth Ct. 390, 539 A.2d 4, *modified*, Pa.Commonwealth Ct., 549 A.2d 626 (1988).

530

## ORDER

AND NOW, this 7th day of January, 1993, the Order of the Court of Common Pleas, Delaware County, dated January 15, 1991, No. 90–15636, is hereby vacated, and the case is remanded for reconsideration of the Department's Preliminary Objections and the taking of evidence to determine whether the Department of Transportation did not permanently deny access or physically appropriate any of the Elsers' property.

Jurisdiction relinquished.