**JACKSON GEAR COMPANY, a Pennsylvania Corporation**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 16, 1995.
Decided April 20, 1995.

Michael J. Creighton, Asst. Counsel–In–Charge, for appellant.

John P. Tobin, Jr., for appellee.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Allegheny County overruling DOT's preliminary objections to Jackson Gear Compa-

ny's (Jackson Gear) petition for appointment of viewers. We affirm.

This matter arises as a result of Jackson Gear's filing of a petition for the appointment of a board of viewers pursuant to Section 502(e) of the Eminent Domain Code (Code).[1] Jackson Gear claimed in its petition that the erection of a medial barrier on Pennsylvania State Route 8 in Allegheny County, directly in front of its property, represented a de facto taking of its right to reasonable access to its property.

■ Prior to the construction of the barriers, there were no stand-by lanes along Route 8 for vehicles turning into properties. Vehicles wishing to turn left would have to sit in the passing lane of traffic, wait for clear passage, and then turn left across the remaining two lanes of the highway to enter individual properties, including the Jackson Gear property. A study was conducted which indicated that a significant number of accidents occurred on this highway as a result of these dangerous turning movements, (52 accidents occurred along this road between 1986 and 1992), and after the construction of the barriers, turning lanes, and the widening of the road, there was a dramatic reduction in accidents. Thus, the Commonwealth was acting well within the scope of its police powers to erect these barriers in order to regulate traffic and protect the safety of the public. *Wolf v. Department of Highways*, 422 Pa. 34, 220 A.2d 868 (1966).

Jackson Gear is a Pennsylvania corporation which is located in an industrial zoning district on the east side of Route 8, which is a north-south four-lane highway. Prior to DOT's construction of the medial barriers, vehicles traveling in either direction on Route 8 could turn into Jackson Gear's property. Large tractor trailers carrying up to 30 tons of steel regularly arrive for pickups and deliveries at Jackson Gear. After the construction, vehicles can only approach and exit Jackson Gear's property from the southbound lanes on Route 8.

Jackson Gear offered testimony showing that large trucks arriving in a northbound direction on Route 8 are required to detour 11.5 miles, while trucks exiting the property and wishing to proceed northbound are required to make a circuitous detour of 6 miles. DOT's representative testified that there was an alternative circuitous route of less than 4 miles.

■ It is well established that the right of access, or of ingress or egress, to an abutting highway is a property right which cannot be taken without compensation. Such right of access does not entitle the abutting owner to access at all points along the highway; however, if a condemning authority permanently interferes with an owner's access to the property by reasonable and conventional means, the authority, including the Commonwealth of Pennsylvania, is liable for damages. Section 612 of the Code, 26 P.S. § 1–612; *Wolf*. Moreover, there must be a *substantial* impairment of the owner's access to the property for liability to attach. *Pennsylvania Department of Transportation v. Richards*, 124 Pa.Commonwealth Ct. 432, 556 A.2d 510 (1989).

In *In re: Condemnation of 1315 to 1391 Washington Boulevard*, 25 Pa.Commonwealth Ct. 561, 361 A.2d 469 (1976), we recognized that a detour might be so long and circuitous as to represent an unreasonable permanent interference with access. However, it was held that the necessity to travel a circuitous route of 2.35 and 2.8 miles did not give rise to a claim for damages under Section 612 of the Code. Similarly in *Department of Transportation v. Nod's Inc.*, 14 Pa.Commonwealth Ct. 192, 321 A.2d 373 (1974), a four mile circuitous detour was not considered too onerous. The four mile detour in *Nod's* is the longest distance which we have held was not compensable, while a 7.45 mile detour occasioned by the erection of a medial barrier, was held to constitute a substantial and permanent interference with access in *Pennsylvania Department of*

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. § 1–502(e). This section states:

If there has been a compensable injury suffered and no declaration of taking therefore has been filed, a condemnee may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) [regarding the form and content of the petition] of the section, setting forth such injury.

**1372**

*Transportation v. Guyette,* 103 Pa.Commonwealth Ct. 402, 520 A.2d 548, *appeal denied,* 516 Pa. 644, 533 A.2d 714 (1987).

DOT argues that if Jackson Gear's trucks use its suggested route, which was less than four miles, it would not constitute a substantial interference with the access to the Jackson Gear property. Moreover, since there are no weight restrictions or vehicle restrictions on this route which travels through a mixed commercial, residential, and industrial area, this must be considered a reasonable alternative. Although DOT acknowledges that the road is steep and winding, it argues that many roads in western Pennsylvania used by large trucks are similarly steep and winding. DOT claims that without any evidence to support its findings, the trial court independently decided that its suggested route was dangerous, and not a viable alternative route for large trucks.

The trial court held that although DOT's alternative route was legal, it was not a customary route used by heavy commercial vehicles, and it would be a safety hazard if trucks weighing in excess of 30 tons were to travel through residential districts on this route in snow, ice, or rain. The alternative routes proposed by Jackson Gear, which would require traveling an additional distance of between 6 and 11.5 miles, were more customarily used by large trucks. The trial court noted that DOT erected the medial barriers for reasons of safety, and it was not reasonable for DOT to suggest that trucks should use an unsafe, alternative route.

In a condemnation case, our scope of review is limited to a determination of whether the trial court abused its discretion, whether an error of law was committed, or whether findings and conclusions are supported by sufficient evidence. *Guyette.* There is testimony in the record that the route proposed by DOT as the alternate route for the heavy trucks is very steep and windy, and travels through residential neighborhoods. The longer, alternate route, proposed by Jackson Gear uses two and four lane highways, which pass through commercial and industrial areas, and are heavily traveled by large vehicles. Thus, we hold that there is sufficient evidence to support

the trial court's determination that DOT's proposed alternate route was unsafe for trucks and it was not an abuse of discretion for the trial court to accept Jackson Gear's route as the only reasonable route.

Moreover, under our case law, the detour of between 6 and 11.5 miles required by the erection of the medial barriers constitutes a permanent unreasonable interference with Jackson Gear's right of access to its property. Thus, compensation for such interference is required under Section 612 of the Code.

Accordingly, we affirm the trial court's order denying DOT's preliminary objections and referring the matter to the board of viewers for further hearings on the issue of damages.

### *ORDER*

AND NOW, this 20th day of April, 1995, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.